### SHAW RELIEF VALVE Co. *v.* CITY OF NEW BEDFORD

*(Circuit Court, D. Massachusetts. March 12, 1884.)*

PATENTS HELD PERSONAL PROPERTY.

> A patent-right is personal property, and goes to the executor. Section 4884 of the Revised Statutes, providing for the grant of a patent to the patentee, "his heirs and assigns," does not change the law by which executors and administrators take the title to a patent on the death of the owner: as appears by other sections of the same chapter.

In Equity.

*Chas. H. Drew,* for complainant.

*C. J. Hunt,* for defendant.

LOWELL, J. This bill is brought upon two patents, and the demurrer of the city of New Bedford raises several objections, all but

one of which, it is agreed, can be, and may be, removed by amendment. A question which cannot be thus disposed of, and which has been argued with earnestness, and is pending in at least one other circuit, is whether the complainant's title to an undivided part of one of the patents is sufficient. It seems that this title comes through an administrator of the patentee; and the defendant contends that the grant of a patent, by Rev. St. § 4884, is to the patentee, "his heirs and assigns," and that by force of these words a patent descends directly to the heirs, without the intervention of the administrator. This is a new and somewhat surprising proposition. It has never been doubted before that a patent is personal property, which follows the ordinary course, and goes to the executor or administrator in trust for the next of kin. The cases take this for granted, and when any question has been mooted, it has had reference to the due qualification of the executor or administrator, or something of that sort, as in *Rubber Co.* v. *Goodyear*, 9 Wall. 788. The text-writers treat of patent-rights as personal property which goes to the executor. Norman, Pat. 145; Schouler, Ex'rs, § 200. The defendant argues that the statute of 1870 changed the rule, by omitting the words "executors and administrators" from what is now section 4884, intending to make a sort of real estate of this incorporeal right. He has not argued that the widow can be endowed of it, but I suppose that will follow. A grant of personal property to a man and his heirs, without further qualification, means to him and his next of kin, according to the statute of distributions. 4 Kent, Comm. (5th Ed.) 537, note *d*, and cases; *Vaux* v. *Henderson*, 1 Jacob & W. 388*n*; *Gittings* v. *McDermott*, 2 Mylne & K. 69; *Re Newton's Trusts*, L. R. 4 Eq. 171; *Re Gryll's Trusts*, L. R. 6 Eq. 589; *Re Steevens' Trusts*, L. R. 15 Eq. 110; *Re Thompson's Trusts*, 9 Ch. Div. 607; *Houghton* v. *Kendall*, 7 Allen, 72; *Sweet* v. *Dutton*, 109 Mass. 589. Such a grant is simply a limitation of an estate of inheritance, having no reference one way or the other to the administrator. He takes in trust for the next of kin, because the estate is more than a life estate.

The acts of congress have not been drawn with technical accuracy in this particular. Down to 1836 the word "executors" was omitted, and patents were issued to the patentee, his "heirs, administrators, or assigns," (St. April 10, 1790, § 1; 1 St. 110; St. Feb. 21, 1793, § 1; 1 St. § 321;) but no one ever doubted that executors would take the title. In 1836 executors were added, and the grant was to the patentee, his "heirs, administrators, executors, or assigns." St. July 4, 1836, § 5; 5 St. 119. In 1870, administrators and executors were left out. This omission is not significant. The law was not changed by it; the proof of which is that executors and administrators are mentioned as taking title in five of the sections of the Revised Statutes which re-enact the law of 1870. Thus, by section 4896, if an inventor dies before a patent is granted, the right to obtain it devolves on his executor or administrator, in trust for his heirs at law, (that

is, his next of kin, as we have seen,) or to his devisees, as the case may be, which, technically, should be legatees. By section 4898 every patent shall be assignable, and the patentee and his assigns, "or legal representatives," may, in like manner, grant, etc. Now, legal representatives usually means executors or administrators, (*Price* v. *Strange*, 6 Madd. 159; *Re Gryll's Trusts*, L. R. 6 Eq. 589;) and it has that meaning in this statute; for by section 4896, above mentioned, by which the executors or administrators are authorized to apply for a patent, it is provided that when the application is made "by such legal representatives," the oath shall be varied to meet their situation. By section 4900 it is made the duty of all patentees and their assigns, and "legal representatives," to do certain acts by way of informing the public that the article they make or sell is patented. By section 4922, when a patentee has innocently claimed more than his invention, he, his executors, administrators, and assigns may maintain a suit on the patent, notwithstanding the mistake. By section 4916, if a patentee is dead, without having assigned the patent, and there is occasion for a reissue, it shall be made to his executors or administrators. From a comparison of these sections it is made clear that a patent-right, like any other personal property, is understood by congress to vest in the executors and administrators of the patentee, if he has died without having assigned it. It is really of no consequence whether they hold in trust for heirs or for next of kin, so long as they take the legal title.

It was argued that congress may have intended to express by the word "heirs" that a patent should not be assets for the payment of debts. But they have not only not exempted patent-rights from being taken for the debts of the owners, but have required that they should be so taken by assignees in bankruptcy, (Rev. St. § 5046;) and the supreme court have failed to discover such an intent, for they hold that, by due process in chancery, a patent-right may be applied to such payment. *Ager* v. *Murray*, 105 U. S. 126. Indeed, section 4898 is decisive of this question, for it expressly provides that the legal representatives of the patentee may assign. Even if this were a mere statutory power, the authority would be sufficient; but it is, of course, a recognition of a fact, and not a new grant of power.

Demurrer overruled.