CHARLES BUERSTETTA, ADMINISTRATOR, V. TECUMSEH NATIONAL BANK.

FILED JANUARY 19, 1899. No. 10123.

1. **Pleading**: AMENDMENT OF PETITION: SEPARATE CAUSE OF ACTION. The facts incorporated as an amendment into a petition set out in the opinion, and *held* to constitute a separate and independent cause of action from that stated in the original petition.

2. ———: ———: ———: STATUTE OF LIMITATIONS. Where the facts incorporated into a petition by way of amendment constitute a cause of action separate and independent from that stated in the original petition, the statute of limitations against the cause of action pleaded in the amendment runs until the filing of such amended petition.

3. **Limitation of Actions**: FRAUD. An action for relief on the ground of fraud is barred in four years after the discovery of the fraud.

ERROR from the district court of Johnson county. Tried below before STULL, J. *Affirmed.*

*L. C. Chapman* and *J. W. Deweese*, for plaintiff in error.

*C. Gillespie, F. M. Hall*, and *S. P. Davidson, contra.*

RAGAN, C.

Anna B. Saunders, on August 19, 1893, brought this suit in the district court of Johnson county against the Tecumseh National Bank. In her petition filed on that date Mrs. Saunders alleged that in the year 1889 a corporation by the name of Russell & Holmes was conducting a banking business in the city of Tecumseh, Nebraska; that in said year she deposited with said bank, or loaned to it, $400,—$150 at one time, and $250 at another, for each of which sums the said bank issued to her an ordinary certificate of deposit, drawing six per cent interest; that the moneys represented by said certificates of deposit had not been paid to her. To show the liability of the Tecumseh National Bank to her for the moneys represented by said certificates of deposit

Mrs. Saunders in her petition pleaded the following facts:

"Plaintiff further states that afterwards, to-wit, on or about the 13th of April, 1890, the bank of Russell & Holmes went into liquidation and closed its said business, ceased its organization as said bank of Russell & Holmes, and thereupon afterwards, to-wit, on the 14th day of April, 1890, the defendant was duly organized and created a banking corporation under and by virtue of the various banking laws enacted by the congress of the United States, known and designated as the 'National Banking Acts,' and is at the present time carrying on a banking business in Tecumseh, Nebraska, under the name and style of the Tecumseh National Bank. Plaintiff further alleges that this defendant, so organized and created a banking corporation as aforesaid, came into possession of and received as successor to the bank of Russell & Holmes the property, assets, emoluments, business, and good-will of said bank of Russell & Holmes, and also the said sums mentioned in plaintiff's first and second causes of action, and deposited with the said last named bank for this plaintiff, and this defendant thereupon became liable to the plaintiff for said deposits so received, with interest thereon at the rate of six per cent per annum. The plaintiff further alleges that the business of this defendant was and is done and carried on in the same building and same room previously occupied by the bank of Russell & Holmes for the transaction of its business, and that all of the stockholders and officers of the bank of Russell & Holmes became stockholders and officers of this defendant, upon its creation, and, as such officers, managed, controlled, and transacted its business. This plaintiff further alleges that the bank of Russell & Holmes is wholly insolvent and has no money or other property with which to pay those who had formerly made deposits with them."

To this petition the national bank filed an answer. A

trial was had, resulting in a judgment in favor of Mrs. Saunders, and the national bank brought that judgment to this court for review on error, and it was reversed, upon the ground that the verdict upon which the judgment against the bank was based was not supported by sufficient evidence. (*Tecumseh Nat. Bank v. Saunders*, 50 Neb. 521.) A rehearing was subsequently granted in the case and the former decision of the court adhered to, but upon the rehearing it was also ruled that the petition just quoted did not state a cause of action. (*Tecumseh Nat. Bank v. Saunders*, 51 Neb. 801; *Austin v. Tecumseh Nat. Bank*, 49 Neb. 412.) In the opinion written on the rehearing it was stated that the first decision was not put upon the ground that the petition did not state facts sufficient to constitute a cause of action, because counsel for both parties to this case and others of a like character requested the court to pass upon the sufficiency of the evidence to sustain the judgment rendered. When the mandate reached the district court Mrs. Saunders was dead, and the action was revived in the name of her administrator and he, by leave of court, on December 6, 1896, filed an amended petition. This amended petition contained substantially the same allegations as the original petition, and in addition thereto the petition alleged, in substance, that early in 1890, the bank of Russell & Holmes being in straitened circumstances and in a critical condition, the stockholders and officers thereof determined to organize a new bank under the national banking acts; that resolutions were duly acted upon and passed for that purpose, and the necessary certificates and papers were made out and signed by the said stockholders and officers of the bank of Russell & Holmes; that the new articles of incorporation were made, signed, and filed, in pursuance of which the Tecumseh National Bank became a corporation under the banking acts of congress; that said Tecumseh National Bank became and was the successor of the old bank of Russell & Holmes; that said bank of Russell & Holmes was

merged into and absorbed by the Tecumseh National Bank; that the stockholders of the bank of Russell & Holmes became the stockholders in the national bank by exchanging stock and claims held by them in and against the old bank for stock in the national bank; that at the time this occurred the bank of Russell & Holmes was insolvent, and that the stockholders and officers of the bank of Russell & Holmes determined to, and did, reorganize under the name of Tecumseh National Bank for the purpose of defrauding the creditors of the bank of Russell & Holmes, and afterward fraudulently claimed that the national bank was not the bank of Russell & Holmes nor liable for its debts. Among other defenses interposed to this amended petition by the national bank was that of the statute of limitations. The trial resulted in a verdict in favor of the national bank, on which a judgment was rendered dismissing the administrator's action, and he has brought that judgment here for review.

1. We think that the facts pleaded in this amended petition which were not pleaded in the original petition constitute a cause of action against the Tecumseh National Bank separate and distinct from the cause of action attempted to be stated against it in the original petition. The original petition proceeded upon the theory that because the national bank had become possessed of all property and assets of the bank of Russell & Holmes as a matter of law, it became liable for the debts of the bank of Russell & Holmes. The administrator, by the amendment incorporated into the petition, seeks now relief from the national bank on the ground of fraud. In other words, the new cause of action is an action *ex delicto*, while the original cause of action attempted to be pleaded was in the nature of an action *ex contractu*.

In *Phelps v. Illinois C. R. Co.*, 94 Ill. 548, the plaintiff sought damages against the railroad company upon its common-law liability for refusing to receive grain ten-

dered by him to it for transportation. Subsequently he filed an amendment to his action seeking damages from the company for its refusal to carry the grain after its acceptance thereof for carriage, and the court held that the amendment was an additional, separate, and independent cause of action from the first one pleaded, and that the statute of limitations ran in favor of the railroad company against the new cause of action from the time it arose until the time the amendment to the declaration was filed.

*Smith v. Missouri P. R. Co.*, 50 Fed. Rep. 760, was an action against the railroad to recover damages for causing the death of one of its employés. The first petition charged that the company caused the employé's death by negligently employing an engineer known by it to be incompetent. Subsequently the plaintiff amended his petition, seeking to recover damages against the railway company for the employé's death upon the ground that the engineer in charge of the train was guilty of negligence, and the court held that the amendment was a new and an independent cause of action from that first stated.

In *Lumpkin v. Collier*, 69 Mo. 170, a sheriff had in his possession an execution. The plaintiff therein, to induce the sheriff to seize certain personal property, executed to him a bond agreeing to indemnify him from any liability he might incur by reason of seizing and selling the property. The claimant of this property subsequently brought a suit on this bond for damages for a breach of its conditions. Afterward the claimant filed an amendment to his petition, seeking to recover damages from the sheriff for the wrongful sale of the property, and from the obligors on the bond for their instigation and procurement of such sale. The court held that the first cause of action in the petition was *ex contractu;* that the amendment was a cause of action *ex delicto*, and that there were two separate and independent causes of action stated in the petition.

In *People v. Judge*, 35 Mich. 227, the plaintiff in his pe-

tition charged the railroad company, as a common carrier, for loss of goods shipped over its line and destroyed by fire while in its depot waiting delivery to a connecting carrier. Subsequently the plaintiff introduced into his petition an amendment seeking to hold the railroad company liable to him on the grounds of its negligence as a warehouseman, and the court held that the amendment was a separate and independent cause of action from that stated in the original petition. To the same effect see *Hyatt v. Auld*, 11 Kan. 140; *Scovill v. Glasner*, 79 Mo. 449; *Newton v. Allis*, 12 Wis. 421; *People v. Judge*, 27 Mich. 138; *Sims v. Field*, 24 Mo. App. 557; *Wigton v. Smith*, 57 Neb. 299.

The cause of action pleaded by the administrator in his amended petition against the national bank arose more than four years before the amended petition was filed, and the amended petition was filed more than four years after the administrator's intestate was in possession of all the facts which, it was alleged, constituted a fraud upon the part of this national bank which made it liable in this action, and therefore the cause of action stated in the amended petition was barred when that amended petition was filed. (Code of Civil Procedure, sec. 12.) Since the original petition did not state a cause of action against the defendant in error, and since the new cause of action incorporated into the amended petition was barred when that petition was filed, it follows that the judgment of the district court was right and must be affirmed without an examination of the various assignments of error argued by counsel for plaintiffs in their briefs.

JUDGMENT AFFIRMED.