HAAS BROS. v. HAMBURG–BREMEN FIRE INS. CO.†

(Circuit Court of Appeals, Ninth Circuit.  October 3, 1910.)

No. 1,783.

1. EVIDENCE (§ 417*)—PAROL EVIDENCE—WRITTEN CONTRACT.
    Where a written instrument executed pursuant to a prior verbal agreement or negotiation does not express the entire agreement or understanding of the parties, parol evidence is admissible to show the contract entered into.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 417.*]

2. EVIDENCE (§ 450*)—PAROL EVIDENCE—WRITTEN CONTRACT—RECEIPT.
    After the adjustment of a fire loss, plaintiff executed to defendant insurance company a receipt for an amount equal to 75 per cent. of the loss adjusted "in full of all such claims."  Plaintiff claimed that the receipt was given pursuant to a contract of settlement because of defendant's alleged insolvency pursuant to which defendant paid 75 per cent. of its claims, and agreed that, if it should pay any other San Francisco creditor a higher amount, it would pay plaintiff the difference, while defendant claimed that the receipt was given in compromise of plaintiff's claim against defendant and of various differences of law and fact, and was in full settlement and satisfaction thereof.  Held, that the words "in full of all such claims" were not conclusive terms of the receipt, but were ambiguous, and that parol evidence was admissible to show the agreement under which the receipt was executed.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082; Dec. Dig. § 450.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied November 23, 1910.

3. PLEADING (§ 249*)—NATURE OF ACTION—CONTRACT OR TORT—AMENDMENT.
    Plaintiff after suit brought was not entitled to amend his complaint so
    as to change the cause of action from contract to tort.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 710–729; Dec.
    Dig. § 249.*]

In Error to the Circuit Court of the United States for the Northern
District of California.

Action by Haas Bros. against the Hamburg-Bremen Fire Insurance
Company. Judgment for defendant, and plaintiff brings error. Reversed, with instructions.

Action at law by Haas Bros., a corporation, to recover from the Hamburg-
Bremen Fire Insurance Company, a corporation, the sum of $3,869.36, being
the difference between 98 per cent. of the amount adjusted and agreed upon as
the loss and damage occasioned by fire and sustained by plaintiff in the San
Francisco fire of April, 1906, and 75 per cent. of such loss, the amount paid
to plaintiff by defendant on certain fire insurance policies issued by the defendant, insuring property belonging to plaintiff against fire. Judgment
for defendant on the pleadings, and plaintiff brings error.

The action was originally brought in the state court and removed to the
United States Circuit Court on the ground of diverse citizenship. The allegations of the complaint are substantially to the effect that the plaintiff,
a California corporation, held six policies of fire insurance issued by the
defendant, insuring certain property in San Francisco belonging to plaintiff
against fire; that in April, 1906, the property so insured was damaged and
partially destroyed by fire; that, in accordance with the terms of said policies of insurance, plaintiff gave immediate notice of such loss to the defendant, and in due time served upon defendant its verified proof of loss on forms
approved by the defendant; that thereafter, and by agreement, the loss and
damage occasioned by the fire was adjusted, and by such adjustment the sum
of $16,823.29 was found due from the defendant to the plaintiff by reason
of such damage and loss; that thereupon the defendant became indebted to
the plaintiff in said sum of $16,823.29; that, after such adjustment, the defendant falsely and fraudulently represented to the plaintiff that it was insolvent and unable to pay its creditors in full; that it was able to pay to
its policy holders who had suffered loss from such conflagration 75 per cent.
of their respective claims, and no more; that it was making a uniform payment to each and every one of its creditors of 75 per cent. of their claims, and
no more; that this course would be pursued by the defendant until it had
finally settled all claims of its San Francisco creditors, and in no event could
it pay to any of such creditors a larger percentage than 75 per cent.; that defendant promised plaintiff that, if plaintiff would accept the sum of 75 per
cent. on its claims against the defendant and sign a receipt in full of such
claims, the defendant would, in the event that it voluntarily paid more than
75 per cent. to any of its other San Francisco creditors, pay to the said plaintiff the difference between 75 per cent. on its claims and any percentage
which it paid to any other of its San Francisco creditors; that plaintiff, relying upon the false and fraudulent statement of the defendant that it was insolvent, and relying upon the promise of the defendant that it would pay to
the plaintiff the difference between 75 per cent. and any other per cent. which
it paid to any other of its San Francisco creditors, received from the said
defendant 75 per cent. upon its claims against the defendant, to wit, the sum
of $12,617.87, and gave the defendant its receipt in full for such claims; that
since the settlement and payment defendant has paid to other San Francisco
creditors 98 per cent. of the face value of their claims as adjusted. Plaintiff
accordingly demands judgment for the difference amounting to $3,869.36.

Defendant answered the complaint, admitting the insurance substantially
as alleged in the complaint, the fire and partial destruction of plaintiff's
property, the adjustment by agreement of the loss and damage occasioned by
the fire, but denies that the parties adjusted the amount or thereby ascertain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed that any amount was due from defendant to plaintiff by reason of the latter's damage or loss on any of said policies, and in any amount whatsoever under all or any of them; denies that defendant from and after such alleged adjustment, or at any other time, became indebted to plaintiff in the alleged agreed or other sum of $16,823.29, or in any sum in excess of $12,-617.87; denies that it promised to plaintiff that if the latter would accept the sum of 75 per cent. of its claims against defendant, and sign a receipt in full for such claims, defendant would, in the event that it voluntarily or otherwise paid more than 75 per cent. to any of its other said San Francisco creditors, pay to plaintiff the difference between said 75 per cent. of its claims and any percentage which it paid to any other of its said San Francisco creditors; admits that "plaintiff gave defendant its said receipt in full"; but alleges that it was "in compromise of plaintiff's said claim against the defendant and of various differences of law and fact which had theretofore arisen between them growing out of said claims and in full settlement and satisfaction thereof." Upon the filing of the answer defendant moved for judgment on the pleadings on the ground that the complaint did not either of itself or by the assistance of the averments contained in the answer thereto set forth a cause of action against the defendant. Thereafter it was stipulated "that the promise set forth in the complaint whereby defendant agreed to pay plaintiff the difference between seventy-five per cent. (75%) of its claims and any other amount which it might pay any other claimant was an oral promise." Plaintiff thereupon moved to amend the complaint in certain particulars. The court denied plaintiff's motion to amend the complaint, and entered a judgment in favor of the defendant on the pleadings. Plaintiff brings the case on a writ of error.

Thomas, Gerstle, Frick & Beedy, for plaintiff in error.

Page, McCutchen & Knight, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges

MORROW, Circuit Judge (after stating the facts as above). It is contended by the defendant in error that the question involved in this writ of error is whether parol evidence can be admitted to vary the terms of a written contract. The only written document executed by the plaintiff after the adjustment of its losses occasioned by the fire appears to be the receipt executed by the plaintiff and referred to in the allegation of the complaint acknowledging that plaintiff received from the defendant 75 per cent. upon its claims against the defendant as adjusted, to wit, the sum of $12,617.87, "and gave to the defendant its receipt in full for such claims."

We have here an allegation in the plaintiff's complaint and the admission of the defendant's answer that "plaintiff gave defendant its receipt in full for such claims." But the payment which the receipt acknowledged was not in full for the amount of plaintiff's loss and damage as ascertained by the agreed adjustment of plaintiff's claims. That sum was $16,823.29, while the amount paid to plaintiff by defendant was $12,617.87. What, then, was plaintiff's receipt in full of? Clearly it was not in full of plaintiff's claim as ascertained and determined by the agreed adjustment of plaintiff's loss and damage by fire. It must therefore have been in full of its claims under some agreement other than that of the adjustment for actual loss and damage by fire. What was that other agreement? The receipt is silent upon that subject. Plaintiff alleges that it received 75 per cent. of its claims as ascertained by the agreed adjustment, and that this 75 per cent. was received under an agreement that, if the defendant volun-

tarily paid more than 75 per cent. to any of its other San Francisco creditors, it would pay the plaintiff the difference between 75 per cent. of its claims and any percentage which it paid to any other of its San Francisco creditors. It was under this alleged agreement that plaintiff "gave to the defendant its receipt in full for such claims." The defendant alleges that:

"Plaintiff gave to defendant its said receipt in full, in compromise of plaintiff's said claims against defendant and of various differences of law and fact which had theretofore arisen between them growing out of said claims, and in full settlement and satisfaction thereof."

Neither party claims that the receipt contained all or any of the alleged terms of the agreement other than the amount paid and received and the recital that it was in full of such claims. How, then, can the defendant say that the parol testimony shall not be admitted to prove plaintiff's alleged agreement when it sets up as a defense to the action an alleged agreement which requires parol testimony to establish? Manifestly this is not the law. The general rule upon the subject has been stated as follows:

"Where a written instrument, executed pursuant to a prior verbal agreement or negotiation, does not express the entire agreement or understanding of the parties, the parol evidence rule does not apply to prevent the introduction of extrinsic evidence with reference to the matters not provided for in the writing." 17 Cyc. 741, 742.

Numerous cases are cited in support of this text. A reference to the California case, that of Sivers v. Sivers, 97 Cal. 518, 32 Pac. 571, will be sufficient. In that case the written instrument executed by the defendant was a promissory note in consideration of a loan. No time of payment was specified in the instrument. In such case the law implied that the money would be paid on demand; but it had been agreed between the parties that the defendants should pay the sum named in the instrument whenever they should sell the real estate therein described. The sale had been made prior to the plaintiff's demand and the commencement of the action. It was objected by the defendants that oral testimony of the agreement was incompetent for the reason that the written instrument must be held to embrace all the terms of the agreement between the parties. The court in refusing to sustain this objection said:

"The instrument, therefore, being silent in respect to the time for the payment of the money, it was competent for the plaintiff to show that a period or event had been agreed upon between the parties thereto at which the payment should be made, and such agreement could be shown by oral testimony. This evidence did not contradict or vary any of the terms contained in the instrument. The rule which excludes evidence affecting the terms of a written instrument does not apply when the parties have not incorporated into the instrument all of the terms of their agreement, and when the evidence offered or the agreement sought to be proved is not inconsistent with the terms embodied in the instrument. Evidence of a contemporaneous oral agreement as to any matter upon which the instrument is silent, and which is not inconsistent with its terms, cannot be said to contradict or vary the terms of the written instrument."

Is the recital in the receipt under consideration that it is "in full for such claims" such a conclusive term of the instrument that it is

not open to explanation by parol? The weight of authority is that it is not such a term, and that it is open to explanation.

In Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539, the action was to recover a balance due plaintiff on a contract for the delivery of hides. Under the contract, defendant was to give plaintiff a bonus on each hide delivered. At the several deliveries payments of the value of the hides were made, and plaintiff gave receipts expressed to be in full. But the bonus was not paid. Judgment was rendered in favor of plaintiff. The court, in commenting upon these receipts, used the following illustration:

"There was due to the plaintiff a sum, certain—say $2,000, as an illustration. The defendants pay $1,500, and the plaintiff gives them a receipt in full for $2,000. If A. lends B. $2,000, and B. pays A. $1,500, which A. says, either orally or by writing, is in full of the loan, it, nevertheless, is not in full. A. may at once sue B. and recover the remaining $500. There is no consideration for the professed discharge. A man cannot by the payment of $1,500 pay an admitted debt of $2,000. This has ever been the law."

In Harden v. Gordon, 2 Mason, 541, Fed. Cas. No. 6,047, Mr. Justice Story said:

"When a receipt is given in full of all demands, it is not to be taken in the admiralty as conclusive. It is open to explanation and upon satisfactory evidence may be restrained in operation."

In Kahl v. Love, 37 N. J. Law, 5, 11, the court said:

"A receipt in law must be construed in connection with the facts connected with its origin; and, in the light of the circumstances, it may mean an acknowledgment of the absolute payment of the debt, or the conditional payment of the debt. The decisions are clear and abundant on the subject, and when the receipt or memorandum of the transaction speaks of payment, or even of payment in full, it shall, if the case calls for it, be interpreted as meaning conditional payment, to be in full when paid."

In Brooks v. White, 2 Metc. (Mass.) 283, 37 Am. Dec. 95, the court said:

"The case of receipts is an exception to the general rule that oral testimony is not admissible to contradict or vary a written contract. They may always be explained by oral testimony."

The reason for this exception as stated in this case is given on the authority of Lord Ellenborough in Fitch v. Sutton, 5 East, 232, that there must be some consideration for the relinquishment of the excess due beyond the sum paid, something to show a possibility of benefit to the party thus relinquishing a legal right, otherwise the agreement is nudum pactum. Reference is also made to Pinnel's Case, 5 Co. 117, where it was resolved that payment of a less sum on the day, in satisfaction of the greater, cannot be a satisfaction of the whole, because it appeared to the judges that by no possibility a less sum of money can be a satisfaction to the plaintiff for a greater sum. But the case of Kellogg v. Richards, 14 Wend. (N. Y.) 116, is also referred to where a distinction is noticed and where it was held that, if a creditor on a compromise with his debtor accept the note of a third person for a less sum than the debt due him in full payment of such debt, the acceptance of such note may be pleaded as an accord and satisfaction in bar of an action to recover the balance due beyond the

amount thus received.    This is precisely the distinction to be made by the defense set up in the present case.    The defendant alleges that plaintiff gave the defendant its receipt in full in compromise of plaintiff's claims against the defendant; but, as this recital does not appear in the receipt, defendant proposed to show the fact by parol testimony, which, of course, it had the right to do; and, on the other hand, the plaintiff has the right to show by parol that the fact is that the receipt was for 75 per cent. of its claims as ascertained by the agreed adjustment with an agreement that, if defendant paid more than 75 per cent. to any of its other San Francisco creditors, then the defendant would pay plaintiff such additional amount as would make the total amount paid to plaintiff the equivalent of the amount paid any other San Francisco creditor.    Furthermore, if a receipt in full is conclusive upon the party signing the receipt, it must also be conclusive upon the party who receives it.    It cannot be binding on one party, and not on the other.    The English case of Russel v. Dunskey, 6 Moore, 233, is in this respect the counterpart of the present case.    By a memorandum of adjustment indorsed on the back of a policy it was stated that a particular loss of 54£ per cent. had been settled between the plaintiff (an underwriter) and defendant; that is to say, it had been paid in full.    The person who signed this memorandum was called who proved that it had been previously agreed by parol between the plaintiff and defendant that, if the underwriter in the policy should eventually pay a less sum than 54£ per cent., the surplus, whatever it might be, should be returned to the underwriter.    The parol testimony was held admissible.

But it is not necessary to multiply authorities.    The question has been conclusively determined for this court by the case of Fire Insurance Association v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860.    In that case the Supreme Court of the United States had before it a receipt for money paid in which it was recited:

"It being in full of all claims and demands for loss or damage by fire * * * and all further claims by virtue of said policy forever waived."

The insured claimed that this was intended to cover the cost of repairing the vessel destroyed, but was not intended to cover the cost of raising and saving the vessel.    The court held that parol evidence was admissible to show the further claims of the insured against the insurer, using the following language:

"There is no doubt that, when a receipt embodies a contract, the rule applicable to contracts obtains, and parol evidence is inadmissible to vary or contradict it.    But the only clause in these receipts which can possibly be claimed to partake of the nature of a contract is that providing for a cancellation and surrender of the policy.    There was a similar provision indorsed on the policies.    These, however, were inserted in pursuance of a clause in the policy to the effect that the insurance might be terminated at any time, at the option of the company, upon giving notice to the insured, and that in such case he should be entitled to claim a ratable proportion of the premium for the unexpired term for which the policy was to run.    The court instructed the jury correctly upon this point that if they found that the policies were surrendered in consideration of the unearned premiums stated in the receipts, indorsed on the policies, the surrender was no defense; and, while it had a tendency to show the plaintiffs' relinquishment of all their

rights under the policy, it was not conclusive if the jury found that it was made in consideration of the unearned premiums."

We are of the opinion that parol testimony was admissible to prove the agreement alleged in the complaint, and that the motion for judgment on the pleadings should have been denied.

The ground upon which the court denied plaintiff's motion for leave to amend its complaint is not stated in the record; but it appears to be conceded by the argument of counsel in this court that it was for the purpose of changing the cause of action from contract to tort. An action for tort cannot be for the same cause as an action on a contract. Having determined that the complaint states a cause of action on a contract, the allegations of the proposed amendments charging false and fraudulent representations on the part of the defendant with intent to deceive and mislead the plaintiff would be irrelevant and immaterial.

Judgment reversed, with instructions to deny the motion for judgment on the pleadings, and for further proceedings as may be consistent with this opinion.