**CLINCHFIELD R. CO. v. DUNN.**

No. 5410.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1930.

B. H. Taylor, of Johnson City, Tenn. (James J. McLaughlin and Cox & Taylor, all of Johnson City, Tenn., on the brief), for appellant.

Lyle Burrow, of Johnson City, Tenn., and Robert Burrow, of Bristol, Tenn. (P. A. Bonham, of Greenville, S. C., on the brief), for appellee.

Before DENISON and HICKENLOOPER, Circuit Judges, and ANDERSON, District Judge.

HICKENLOOPER, Circuit Judge.

Having instituted her action against the "Clinchfield Railroad Company, a corporate successor of the Carolina, Clinchfield & Ohio Railway Company," plaintiff subsequently filed an amended or substituted declaration against the same defendant, under the same name, but designating it as "lessee of the Carolina, Clinchfield & Ohio Railway Company," and claiming the right to hold such lessee by virtue of said lease and the statutes of Tennessee (unmentioned in the first declaration), for a liability incurred by the Carolina, Clinchfield & Ohio Railway Company under the Federal Employers' Liability Act (45 USCA §§ 51–59), prior to the lease. The case was first brought to this court after a general demurrer to the substituted declaration had been sustained, and it was then held that defendant was directly liable to plaintiff for the tort of the Carolina, Clinchfield & Ohio Railway Company under the allegations of the substituted declaration. 19 F.(2d) 810. Defendant then filed a plea of the statute of limitations, and it is now claimed that, by changing the designation of the capacity in which defendant was sued, if change there was, plaintiff has set up a new cause of action after the two-year statute of limitations had run, and that recovery was thus barred.

Considered upon its merits, we are not convinced that a new cause of action was presented by the amendment. The fundamental facts constituting the tort were the same under both the original and the substituted declarations. The parties plaintiff and defendant were the same. The original declaration stated a case against "the Clinchfield Railroad Company, a corporate successor," etc. The substituted declaration "merely expanded or amplified" this allegation of

successorship by supplying an averment of the manner, nature, and extent of such succession, and by making it definite that a lease and not a consolidation or mere change in name was intended to be averred. Seaboard Air Line Ry. v. Renn, 241 U. S. 290, 293, 36 S. Ct. 567, 60 L. Ed. 1006. Although considered as changing the allegation of capacity in which the defendant was sued, or as holding defendant ·liable by application of different principles of law to the same facts originally in mind, we still think the substituted declaration introduced no new cause of action. Such change is one in form rather than in substance, "was simply a step forward in progress toward settlement of the original controversy." Friederichsen v. Renard, 247 U. S. 207, 213, 38 S. Ct. 450, 452, 62 L. Ed. 1075; See, also, Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S. 570, 576, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; N. Y. Cent. & H. R. R. Co. v. Kinney, 260 U. S. 340, 346, 43 S. Ct. 122, 67 L. Ed. 294; and compare Nashville, C. & St. L. Ry. v. Anderson, 134 Tenn. 666, 679, 185 S. W. 677, L. R. A. 1918C, 1115, Ann. Cas. 1917D, 902.

The case of N. & G. Taylor Co., Inc., v. Anderson, 275 U. S. 431, 48 S. Ct. 144, 72 L. Ed. 354, is, we think, distinguishable. There the plaintiff declared upon a contract in fact made with another, who was technically a complete stranger to the plaintiff. The declaration alleged that contract was made between plaintiff and defendant. The amendment was to the effect that the contract was made between the stranger and defendant, but plaintiff had succeeded to the stranger's rights thereunder by assignment. The law of Illinois denied a right to sue in its own name to the assignee of a chose in action, unless the declaration contained certain allegations, and, which is more important, denied to the assignee the right to insert those allegations by amendment after the statute of limitations had run. The Supreme Court applied the law of Illinois and held that thereunder a cause of action for the alleged breach of a contract between plaintiff and defendant differed substantially from a cause of action brought under the statute by the assignee of one of the contracting parties. There, the plaintiff sought by the amendment to recover under statute, and under circumstances upon which he was denied a remedy by the state law. Here, the plaintiff from the first asserted a right to hold the defendant for a tort which was expressly averred as committed by another to whose rights and obligations the defendant had succeeded. There, the rights of plaintiff by virtue of the assignment were first disclosed by the amendment. Here, the liability of defendant for the acts of its predecessor in operation was the basis of plaintiff's claim from the very beginning. The cases are not parallel.

Doubtless, as was said in N. Y. Cent. & H. R. R. Co. v. Kinney, supra, a plausible argument may be made that the present action is one to give effect to a contract, while the original declaration set forth only the claim in tort, as if such tort had been committed by defendant. Thus it is said the causes of action are necessarily different. The answer is that but one claim is asserted in both declarations. Both seek redress for but one injury or wrong. Whether the defendant be held as corporate successor of the wrongdoer, or as substituted for the wrongdoer under a contract effecting a novation, it was apparent from the first that redress was sought from the defendant for the wrong of the Carolina, Clinchfield & Ohio Railway. That the cause of action is supported by a different law, or by application of different principles, under the amendment, does not show that a different cause of action is declared upon. Seaboard Air Line Ry. v. Koennecke, 239 U. S. 352, 354, 36 S. Ct. 126, 60 L. Ed. 324. Much latitude of amendment is properly allowed to save the cause of action, if possible, from the bar of limitations. This is especially so where, as here, there is reasonable ground for holding the amendment to be only an amplification and expansion of the cause of action, as the defendant itself must have always recognized it was intended to be prosecuted.

For the foregoing reasons we are of the opinion that no error was committed by the District Court in refusing to direct a verdict upon the ground that the amendment introduced or substituted a new and different cause of action which was barred by the statute of limitations.

But one other contention requires notice. The defendant below requested the court to charge the jury that, since the original declaration alleged that both the father and mother of decedent were dependent upon him for support, and the father had since died, without revivor of his former interest in the name of his personal representative, "in no event can you allow more than half

of what you might have allowed by reason of such contribution" (to the "home"), "were both parents living." This instruction was properly refused. The court charged the jury very definitely that the verdict must be limited to the present worth of the future pecuniary benefits of which the mother, in whose behalf this suit was prosecuted, was deprived by the death of the intestate. No justification was stated for predicating the amount of the verdict upon any pecuniary damage to the father. To inject this question into the case would be to divert attention of the jury to that which, by the father's death, had become irrelevant.

The arguments and briefs of counsel dwell to great extent upon the sufficiency of the evidence to support the verdict. No motion for a directed verdict was made upon the ground that there was no substantial evidence to support a judgment for plaintiff, and, in fact, no such contention is now, or successfully could be, urged. No exceptions were taken to the charge. Being supported by substantial evidence, the fact findings of the jury are not here and now open to re-examination. Canadian Nat. Ry. Co. v. Jones Co. (C. C. A.) 27 F.(2d) 240, and cases there cited.

Affirmed.