## WHITE v. HOLLAND FURNACE CO., Inc.
### No. 3847.

District Court, S. D. Ohio, E. D.
Oct. 27, 1939.

On Rehearing Dec. 27, 1939.

Pealer & Tuttle, of Columbus, Ohio, for plaintiff.

Arnold, Wright, Purpus & Harlor, of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This case is before the Court upon the motion of the plaintiff for leave to file an amended complaint. Defendant has answered plaintiff's original petition by denial and a cross-claim to which plaintiff has replied.

The objection of the defendant is that the second cause of action in the amended complaint is barred by the statute of limitations. Defendant's contention is that the period of limitation began to run from the date of the conversion and, therefore, the action would be barred. On the other hand, it is the plaintiff's contention that the statute did not start to operate until discovery of the sale because of fraudulent concealment on the part of the defendant. This question need not be decided, because plaintiff's motion may be upheld on other grounds, not discussed by counsel in their briefs.

Rule 15 (c), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Plaintiff's second claim is based upon the same facts set forth in the original petition, the only change being one of theory from contract to tort for conversion under the Michigan pledgor-pledgee statute. Before the Federal Rules the Supreme Court had allowed amendments to pleadings when the statute of limitation would otherwise have been a bar where the only change was "from law to law". United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 67, 53 S.Ct. 278, 280, 77 L.Ed. 619. See Clinchfield R. Co. v. Dunn, 6 Cir., 1930, 40 F.2d 586, 74 A.L.R. 1276, certiorari denied, 1930, 282 U.S. 860, 51 S.Ct. 34, 75 L.Ed. 761. Under the present rules, unless there is a substantial change from the claim as originally alleged, the amendment will relate back to the beginning of the action and is not barred by the statute of limitations. Perry v. Southern Ry. Co., D.C. E.D.Tenn. Aug. 30, 1939, 29 F.Supp. 1006. Rule 15. Defendant cannot claim surprise or prejudice by the amended pleading for it must have known all the facts from the commencement of the action, and, therefore, the amendment will relate back. See United States v. Powell, 4 Cir., 1938, 93 F. 2d 788.

Plaintiff's motion for leave to file an amended complaint should be sustained.

Entry accordingly.

On Defendant's Motion for Rehearing.

This cause is before the Court upon defendant's motion for a rehearing of plaintiff's motion for leave to file an amended complaint. The Court sustained plaintiff's motion upon the ground that the amended complaint related back to the time of the

filing of the original complaint removing the bar to the statute of limitations.

Counsel for the defendant admit that the Federal Courts have adopted a liberal view respecting the relation back of an amended pleading, but contend that the rule is not so broad as to allow a change in the cause of action. Their objection to the Court's decision is that the change in the amended complaint alleging liability of the defendant under the Michigan pledgor-pledgee statute is a change in the cause of action alleged in the original petition.

Plaintiff alleges in his complaint that he, as an employe of the defendant, purchased 200 shares of stock of the defendant company under a plan offered to all employes. According to the terms of the plan, plaintiff placed 100 shares of the defendant company's stock owned by him in the defendant's name as security. Upon default defendant had the right to sell the stock to recover the unpaid balance. After plaintiff had defaulted upon his contract he made an alleged oral contract with the defendant whereby defendant would notify plaintiff of its intention to sell the stock allowing plaintiff ample time to make up the difference. Plaintiff then alleges that the 300 shares of stock were sold without notice to him. In the amended complaint the first cause of action is simply a restatement of the cause of action in the original petition. The amendment, which plaintiff styled "a second cause of action," alleges that by reason of defendant's failure to give notice, defendant is liable to the plaintiff under the Michigan statute. There follows one prayer for relief.

■ The general rule stated by the courts is that an amended petition will not relate back to the time of filing the original, thereby removing the bar of the statute of limitations where the amendment states a new cause of action. Missouri, K. & T. R. Co. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134; United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. This rule has been applied to deny amendments changing the action from one in contract to one in tort. Haas Brothers v. Hamburg-Bremen Fire Ins. Co., 9 Cir., 1910, 181 F. 916; Buerstetta v. Tecumseh Nat. Bank, 1899, 57 Neb. 504, 77 N.W. 1094. The decisions since the new rules have not changed this general rule. They hold that an amended petition cannot introduce a new cause of action when the same is barred by the statute of limitations. L. E. Whitham Const. Co. v. Remer, 10 Cir., 1939, 105 F.2d 371; Ronald Press Company v. Shea, D.C.S.D.N.Y. 1939, 27 F.Supp. 857. But the rule has been broadened by liberalizing the meaning of the term "cause of action" by the courts and the new federal procedure.

■ The emphasis of the courts has been shifted from a theory of law as the cause of action, to the specified conduct of the defendant upon which the plaintiff tries to enforce his claim. New York Central R. R. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. The new rules have adopted the words "claim" or "claim for relief" in place of the term "cause of action," which shows an attempt to avoid the concept of that term adopted by some courts prior to the rules.

■ To give effect to Rule 15(c), 28 U.S.C.A. following section 723c, the Court should allow an amendment of a pleading where the factual situation was not changed though a different theory of recovery is presented. It provides that, "Whenever the claim * * * arose out of the conduct, transaction, or occurrence set forth * * * the amendment relates back to the date of the original pleading."

The Circuit Court of Appeals for the Tenth Circuit has held that Rule 15(c) is not applicable where the amendment introduces a different and additional claim for relief. L. E. Whitham Const. Co. v. Remer, supra. However, that case is distinguishable from the one at bar. There the plaintiff tried to amend an original pleading for wrongful death to include a claim for medical expenses and personal injury after such claims were barred by the statute of limitations. In the case at bar plaintiff has but one claim for relief, whether defendant's alleged liability arose from the breach of an oral contract or by operation of law.

The Court, therefore, adheres to its former position, permitting the plaintiff to amend.

Entry accordingly.