## OWEN v. PARAMOUNT PRODUCTIONS, Inc., et al.

## SAME v. COLUMBIA PICTURES CORPORATION OF CALIFORNIA, Ltd., et al.

### Nos. 827, 1290.

District Court, S. D. California, Central Division.

Oct. 20, 1941.

558

Norbert Savay, of Los Angeles, Cal., for plaintiff.

Lyon & Lyon, of Los Angeles, Cal., for defendants in No. 827.

Frank L. A. Graham, of Los Angeles, Cal., for defendants in No. 1290.

JENNEY, District Judge.

These are patent infringement cases involving letters patent which expired November 22, 1938. The Paramount case was filed January 31, 1936, and the Columbia case, November 19, 1937. In her second amended complaint against Paramount, and in her original complaint against Columbia, plaintiff alleged that "by bequest under the Will of said William O. Owen, deceased, his wife, the plaintiff herein, has become and is now the sole owner of said Letters Patent; that the Will under which said bequest was made has been duly probated and Letters Testamentary duly recorded in the United States Patent Office."

Plaintiff was appointed executrix in the District of Columbia on May 2, 1929, and thereafter duly qualified and acted as such. A copy of the letters testamentary was recorded in the patent office. That the plaintiff, Annie R. C. Owen, is still acting as executrix is alleged in her motion to intervene and is stated in the affidavit of her attorney in support of this motion. There is no allegation of any distribution under the will. Plaintiff also alleges that the will of her said deceased husband was placed of record in the United States Patent Office and that, although the will did not specifically mention the patents in suit, they were recorded with the will in the patent office. Of this last statement there seems to be some question.

Defendant Paramount denied generally the paragraph of the second amended complaint, which contains the allegation that plaintiff became the sole owner of the letters patent by virtue of the will and denies that, in any other manner, plaintiff became the owner thereof. Defendant Columbia's answer to these allegations constitutes a general denial of plaintiff's title.

Defendants have moved for a summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that plaintiff had no title to the letters patent. They have likewise moved to dismiss under Rule 12(b) of said rules on the ground that the complaint stated no claim against defendants upon which relief could be granted.

Now, Mrs. Owen, as executrix, asks permission to intervene as plaintiff in these actions. She alleges that she is the executrix of the last will and testament of her deceased husband, that the present representation of applicant's interest may be inadequate, that the issues involved have questions of law and fact in common, and that the intervention will not prejudice the rights of the original parties. Defendants have consistently maintained that plaintiff, individually, had no title to the letters patent and, therefore, could not maintain these actions. It does not appear that any written assignment of the letters patent by Mrs. Owen, as executrix, has ever been made to Mrs. Owen, as an individual.

These motions are now before the court for determination.

Patent rights are property. Brown v. Duchesne, 60 U.S. 183, 19 How. 183, 195, 15 L.Ed. 595. 2 Walker on Patents, Deller's Edition, § 234, p. 1188. The issuance of a patent brings into exist-

ence a contractual relationship between the Government and the patentee. Century Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 1911, 191 F. 350, 354. That the Congress has the right to impose certain formal requirements not only upon the application for a patent, and its issuance, but also upon the manner of its transfer, is fundamental and unquestioned. In furtherance of this power, Congress has enacted Title 35, U.S.C.A. Sec. 47, which provides: "Every patent or any interest therein shall be assignable in law by an instrument in writing, * * *."

Plaintiff relies upon the will of William O. Owen, deceased, as the instrument in writing which is required by the terms of this section. However, the will merely devised and bequeathed to plaintiff "all the real and personal property of decedent," without making any specific bequest of the patent and without referring to patents, generally or specifically. Under such circumstances, does the will meet the requirements of Title 35 U.S.C.A. § 47?

An assignment of a patent may be made under the statute only by a written instrument. Although no particular form of words is essential, the written instrument must be substantially a transfer, actual or constructive, with the clear intent of the assignor, at the time, to part with his legal interest, in whole or in part, and with full knowledge of the rights so transferred. An instrument which does not purport to convey a present interest in an existing patent, or in one for which an application is pending, is not an assignment within the statute. Minerals Separation, Ltd., v. Miami Copper Co., D.C.Del.1921, 275 F. 572, 575; Rhodes-Hochriem Mfg. Co. v. International Ticket Scale Corp., D.C.Del.1932, 57 F.2d 713, 714.

An assignment under this section contemplates an immediate transfer between parties to the contract. A contract once entered into cannot be changed or cancelled without the consent of all parties thereto, express or implied. But a will is ambulatory; the testator may change its provisions and may even destroy it. The testator does not intend by his will to vest an immediate title; title is to vest at death. It is, of course, true that after title has vested in a legatee under a will, that title relates back to the will and not to the probate. However, the will does not vest that title automatically as would an assignment. A residuary legatee

is subject to rules of administration and rights of creditors. The probate court in most jurisdictions has the power to order even specific legacies to be sold to satisfy creditors' claims or costs of administration.

It has long been held that, unless an assignment thereof has been made during the life of the person entitled thereto, a patent right passes upon death to the executor or administrator. The legal representative of the estate preserves the property and then exercises the power of alienation for the benefit of the heir or legatee. Hodge v. North Missouri R. R. Co., C.C.E.D.Mo.1869, Fed.Cas.No.6,561. Executors and administrators may convey title by appropriate assignment or grant in writing in pursuance of such general or specific authority of the probate court as is required by the law of the state under whose jurisdiction the matter arises. De La Vergne Refrigerating Machine Co. v. Featherstone, 1893, 147 U.S. 209, 13 S.Ct. 283, 37 L.Ed. 138; Donoughe v. Hubbard, C.C. W.D. Pa. 1886, 27 F. 742; Wintermute v. Redington, C.C.N.D.Ohio 1856, Fed.Cas.No.17,896; 2 Walker on Patents, pp. 1448, 1449.

The statute providing for the grant of a patent to the patentee, "his heirs and assigns," does not change the law by which executors and administrators take the title upon the death of the owner. Shaw Relief Valve Co. v. City of New Bedford, C.C.D.Mass.1884, 19 F. 753; Bradley v. Dull, C.C.W.D.Pa. 1884, 19 F. 913; 2 Robinson on Patents, p. 523. By analogy, it is provided in Title 35 U.S.C.A. § 46, that when an inventor or discoverer dies before a patent is granted, "the right of applying for and obtaining the patent shall devolve on his executor or administrator, in trust for the heirs at law of the deceased, in case he shall have died intestate; or if he shall have left a will disposing of the same, then in trust for his devisees."

We therefore hold that the will does not meet the requirements of the statute and, since there has been no assignment by the executrix, Mrs. Owen as an individual has no title to the patents in question. May she then intervene in her capacity as executrix, under the pending petition?

The relevant parts of Rule 24 of the Rules of Civil Procedure provide:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) * * *.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *"

In order to intervene as a matter of right under subdivision (a) of this rule applicant must be in such a position that she will be bound by any judgment in the action. A judgment against Mrs. Owen in the pending suit could not be successfully pleaded as res judicata in a suit by Mrs. Owen as executrix. Subdivision (b) of the rule contemplates a situation in which the main action subsists, the claims of the intervenor being in addition thereto. The last sentence of this subdivision provides that, "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In the instant case we have held that plaintiff has no title and therefore she has no claim upon which to sue. It would be incongruous to allow a person in a representative capacity to intervene in a suit which she herself had unsuccessfully prosecuted in an individual capacity— a capacity in which the court has held that she was not entitled to sue. Thus it has been held in California that where the defendant defaulted, one claiming under him could not intervene. Stern & Goodman Inv. Co. v. Danziger, 1929, 206 Cal. 456, 274 P. 748.

The petition for intervention, as such, is denied.

May plaintiff now amend her complaint to set up for the first time a claim as executrix? It may be contended that such an amendment would state an entirely new and distinct claim and cannot lawfully be allowed so as to relate back to the commencement of the action, inasmuch as a large part, perhaps the whole, of the claim was barred by the statute of limitations before Mrs. Owen undertook to sue as executrix.

Prior to the adoption of the Rules of Civil Procedure, the Supreme Court of the United States had allowed amendments to pleadings when the statute of limitations would otherwise have been a bar and when there was actually no change in the cause of action, but merely "a departure from law to law," or a change in allegation as to the capacity of a party. United States v. Memphis Cotton Oil Co., 1933, 288 U. S. 62, 53 S.Ct. 278, 280, 77 L.Ed. 619; New York Cent. & H. R. R. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; Clinchfield R. Co. v. Dunn, 6 Cir., 1930, 40 F.2d 586, 74 A.L.R. 1276, certiorari denied 1930, 282 U.S. 860, 51 S.Ct. 34, 75 L.Ed. 761. In Missouri, Kansas & Texas Ry. Co. v. Wulf, 1913, 226 U.S. 570, 33 S. Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134, a plaintiff sued in her individual capacity for her son's death under a Kansas statute which she had pleaded. She was permitted to amend to sue as administratrix under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, after the statute of limitations would have barred another action. See, also, Weldon v. United States, 1 Cir., 1933, 65 F.2d 748; Lopez v. United States, 4 Cir., 1936, 82 F.2d 982, 987; Quaker City Cab Co. v. Fixter, 3 Cir., 1925, 4 F.2d 327; notes in 74 A.L.R. 1269 et seq. and 74 A.L.R. 1280 et seq.

Under Rule 15(c) of the Rules of Civil Procedure it is provided: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Under this rule, unless there is a substantial change from the claim as originally alleged (as in L. E. Whitham Construction Co. v. Remer, 10 Cir., 1939, 105 F.2d 371) defendant cannot contend that he is taken by surprise or is prejudiced because he has known the facts from the beginning. The amendment will therefore relate back to the commencement of the action and is not barred by the statute. White v. Holland Furnace Co., D.C.S.D. Ohio, 1939, 31 F.Supp. 32; Echevarria v. Texas Co., D.C.Del., 1940, 31 F.Supp. 596; 1 Moore's Federal Practice, 1940 Supplement, § 15.08, and cases there cited.

Counsel for defendants challenge the propriety of allowing an amendment by plaintiff after the expiration of so long a period since the commencement of the

action, and so long after defendants have pleaded lack of title in Mrs. Owen as an individual. In support of this position they rely upon Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 1941, 120 F.2d 959, certiorari denied Oct. 20, 1941, 62 Sup. Ct. 127, 86 L.Ed. ——, with which decision we are in entire accord. We feel, however, that the case at bar is distinguishable. In the Hancock case our late colleague, Judge William P. James, refused to allow an amendment to a pleading. The Circuit Court held that there had been no abuse of discretion, apparently feeling that the long and unsatisfactorily explained delay in proposing the amendment justified the trial court's action. In the instant case Mrs. Owen knew that defendants denied her right to sue in her individual capacity, but she apparently believed and had been advised by her counsel that this was a question of law which had to be determined. Under the circumstances, we feel that she should now be permitted to amend in the manner indicated.

(1) The motion of Mrs. Owen to intervene in her representative capacity is denied.

(2) The motion of the defendants to dismiss the complaints is granted but the complaints may be amended to change the capacity in which Mrs. Owen sues from her individual capacity to her representative capacity as hereinabove indicated. Notice of motion for leave to amend must be filed within five (5) days.

(3) Action upon the motion of defendants for a summary judgment will be continued until further order of the court.

It is so ordered.