**PETRIZZO v. UNITED STATES.**

Civ. No. 2043.

United States District Court,
D. Connecticut.
June 9, 1948.

Jacob Schwolsky, of Hartford, Conn., for plaintiff.

Adrian W. Maher, U. S. Atty., Dist. of Connecticut, of New Haven, Conn., for defendant.

SMITH, District Judge.

Plaintiff brought suit against the United States under the Tort Claims Act, 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680, to recover for personal injuries and damage to his car alleged to have been caused by the negligence of defendant's servant.

After the one-year period limited by the Act for the commencement of action, plaintiff moves to amend to claim for the damage to the car as bailee rather than owner. Defendant opposes the amendment as the assertion of a new claim for relief barred by the limitation of actions in the Act.

The amendment should be allowed. The misdescription by plaintiff of the capacity in which he made claim for the damage to the car has in no way misled defendant.[1] The claim is for the same damage, caused by the same alleged negligence. Plaintiff is, in each case, claiming as an individual, not in any representative capacity, although the facts governing his legal relationship to the car are stated differently in the amendment.

The plaintiff's motion to amend the Complaint is granted.

---

[1] Compare Owen v. Paramount Productions, D.C.1941, 41 F.Supp. 557.