FERDINAND H. KOENIGSBERGER, RESPONDENT, v. KATE A. MIAL, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF HENRY H. HANKINS, DECEASED, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment entered by default against the defendant in an action brought by the plaintiff to recover for architect's fees alleged to be due him on a building operation. Originally, the suit was brought against Kate A. Mial, individually, and Leonidas L. Mial, as executor of Henry H. Hankins, deceased. The complaint was filed in September, 1913. Subsequently, and in March, 1914, application was made on behalf of the defendants to compel the amendment of the complaint by striking therefrom the name

of Leonidas A. Mial, and substituting that of Kate A. Mial, as executrix. The rule directing the amendment required a copy thereof to be served upon Kate Mial within twenty days after its date, and allowed her twenty days after such service within which to file her answer. The date of this rule was March 30th, 1914. The amended complaint was filed on the 15th day of April of that year. On the 15th of May following the defendant moved to strike out certain portions of the amended complaint, for reasons set forth in a notice of the motion which was served upon the plaintiff's attorney on the 5th day of that month. The court took time to consider the motion, and on the 19th day of June filed a memorandum stating that the defendant was entitled to have struck from the complaint the provisions referred to in her notice of motion. No rule was entered pursuant to this finding of the court, and on the 17th of November, 1914, the plaintiff entered judgment by default. The defendant, Kate Mial, thereupon applied for and obtained a rule to show cause why the judgment should not be opened as having been prematurely and improvidently entered. Testimony was taken in support of, and in opposition to, the making of this rule absolute, and in January, 1916, the matter coming on to be heard before the Circuit Court, the rule to show cause was discharged.

"The defendant thereupon appealed to this court.

"We think the judgment under review should be affirmed. On its face it is regular. The defendant is presumed to have had notice of the filing of the amended complaint, because within twenty days after its filing she moved to strike out certain portions thereof. Her failure to enter a rule in accordance with the decision of the Circuit Court in her favor on the motion to strike out certain parts of the amended complaint was, we think, an abandonment of the motion. Having abandoned the motion, and having failed to plead to the amended complaint within the time specified by the order of the court, the plaintiff was entitled to take judgment against her by default. According to the theory of the de-

fence, a suit might be perpetually stayed by a defendant by following the course pursued in the present case by Kate A. Mial, the appellant. Without stopping to consider whether, on an appeal from the judgment now under review, the appellant can attack the action of the lower court in discharging the rule to show cause, we are of opinion that the action complained of was proper. If it be true, as counsel suggests, that the failure of the defendant to pursue her defence as required by law was due to the neglect of her attorney, that fact alone did not entitle her to the relief she sought under the rule. She was required, in addition, to show that she had a meritorious defence, and this the Circuit Court considered she had failed to do. Our examination of the testimony submitted under the rule to show cause leads us to the same conclusion.

"The judgment under review will be affirmed."

For the appellant, *Samuel A. Besson.*

For the respondent, *Runyon & Autenreith.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.