## UNDERWOOD CONTRACTING CORPORATION v. DAVIES.

(Circuit Court of Appeals, Fifth Circuit. March 13, 1923.)

### No. 3926.

1. **Courts ☞340—Amendment in federal courts governed by federal statute.**

Amendment of pleadings in federal courts is expressly provided for by statute (Rev. St. § 954 [Comp. St. § 1591]), and is not governed by the State practice, under the conformity statute (Rev. St. § 914 [Comp. St. § 1537]).

2. **Limitation of actions ☞127(5)—Amendment of petition held not to state new cause of action.**

Where the petition in an action for personal injury alleged that it was caused by a defective crossbeam, specifying a defect, an amendment which attributed the accident to the same defective beam, but specified further defects, *held* not to state a new cause of action.

3. **Pleading ☞252(1)—Amendment of petition relates back to commencement of action.**

Under the federal decisions, such an amendment of a petition relates back to commencement of the action.

4. **Master and servant ☞316(2)—Builder held an independent contractor.**

A building contract, requiring the builder to furnish plans and specifications, architectural services, superintendence, and all labor and material, though the owner was to pay the cost of labor and material and a stated sum in addition, *held* to make the builder an independent contractor, and not the servant of the owner.

In Error to the District Court of the United States for the Western District of Louisiana; Geo. W. Jack, Judge.

Action at law by Louis Morris Davies against the Underwood Contracting Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Purnell M. Milner, of New Orleans, La., for plaintiff in error.
W. J. Carmouche, of Crowley, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Louis M. Davies, a citizen of Louisiana (hereinafter styled plaintiff), brought suit against the Underwood Contracting Corporation, a corporation chartered under the laws of New York (hereinafter styled defendant), in the Eighteenth judicial district court in and for the parish of Acadia, state of Louisiana, to recover for personal injuries sustained by the fall of an elevator on which plaintiff was being carried by the defendant. The cause was duly removed into the United States District Court for the Western District of Louisiana.

The plaintiff's petition alleged that defendant, as a contractor, was constructing a building for the First National Bank of Acadia Parish, in the city of Crowley, La.; that as a part of such construction it was maintaining and operating an elevator; that its duty required it to install and maintain a safe elevator and to employ competent, experienced, and safe operators therefor; that plaintiff, with others, was riding on said elevator at the invitation of defendant when the beam from which the elevator was suspended broke while the elevator was near the second floor of the building, precipitating the occupants to the basement floor, inflicting serious injuries upon him; that the elevator beam broke because of defective material of which it was constructed, and particularly of the crossbeam from which it was suspended, and more particularly of a knot in said beam easily discoverable by any careful inspector; that, even if the knot had not been patent and easily discoverable, the accident would not have occurred, but for the faulty, careless, and negligent handling of the operator, which was detailed.

The defendant by its answer denied that it was constructing the building as an independent contractor, but alleged that it was doing so merely as the agent of said First National Bank. It admitted the installation, maintenance, and construction of said elevator, but alleged it to be under the control and management of said bank; that said elevator was a freight elevator, and was in charge of competent, careful, and experienced operators and employees of said bank. It denied that the plaintiff was invited by the defendant to enter said elevator, but alleged that plaintiff, an employee of one Thompson, one of the building committee of said bank, was accompanying said Thompson on a visit of inspection of the building, and entered the elevator with said Thompson at his request and invitation. Defendant admitted that the elevator became broken, and from this fact conceded the material must have been defective, but averred that the elevator was bought from a company dealing in such standard elevators, selling thousands of them, and that to all appearances it was strongly built, with proper material, was painted with red paint, and that it was impossible to discover by inspection any defect. It also denied any faulty or negligent handling of said elevator by the operator thereof.

The original petition alleged the accident to have occurred on January 20, 1921, and was filed July 1, 1921. After the removal of said case to the United States court, to wit, on May 3, 1922, an amended and supplemental petition was presented and allowed by the court and ordered served upon the defendant. Said amended petition averred: (a) That the crossbeam was composed of white pine or some similar inferior wood, instead of oak and therefore unequal to any serious strain. (b) That said beam was of insufficient size, even if it had been constructed of stronger tougher wood, and not sufficiently large to stand the reasonable ordinary strain. (c) That one or more holes were bored through the beam further weakening and reducing its strength and tensile capacity. (d) That the beam also had a knot easily discoverable by careful inspection, and that the accident would not have occurred, had it not been for the faulty, careless, and negligent handling of the elevator by the operator thereof.

At the trial defendant moved to dismiss said amended petition: (1) Upon the ground that the same was filed more than one year after the date of the accident, contrary to article 419 of the Code of Practice and jurisprudence of Louisiana, said supplemental and amended petition being filed after an exception to the cause of action had been filed by the defendant and attempting to change and alter the substance of plaintiff's demand by making it different from the one originally brought. (2) Because plaintiff in his original petition alleged as the negligence of defendant the use of a crossbeam containing a knot easily discoverable by careful inspection, but immediately thereafter waived this charge by stating that, even with this defect, the accident would not have occurred, but for the faulty, careless, and negligent handling of the elevator by the operator, thus leaving this as the sole issue between plaintiff and defendant. (3) Because plaintiff, after having thus judicially waived the defect of the crossbeam due to the knot, now attempts to change the issue and alter the substance of his demand, by alleging other defects to escape the consequences of said former judicial admission. (4) Defendant pleaded the prescription of one year to said supplemental and amended petition and to the new cause of action therein.

The defendant, subject to this motion and plea of prescription, filed an answer denying the allegations of said supplemental petition. The motion to dismiss the amended petition was overruled. Upon the trial a verdict was found for the plaintiff, and a judgment rendered accordingly, and defendant prosecutes this writ of error.

The errors assigned in this court are: (1) That the court erred in overruling the exception to the amended and supplemental petition, on the ground that the same changed the issues and propounded a new cause of action which was prescribed under the law, and that the plaintiff was bound and estopped by the judicial admission of the original petition. (2) That the court erred in holding that under the contract existing between the First National Bank and the Underwood Contracting Corporation the latter was an independent contractor.

The evidence adduced in the case showed that the elevator fell by reason of the breaking of the beam to which the rope supporting the elevator was tied at a knot which was in said beam. There was evidence to the effect that this knot could have been discovered by inspection.

[1] 1. The first ground of error insisted upon is that the allowance of the amended petition was in contravention of article 419 of the Louisiana Code of Practice, which reads as follows:

"After issue joined, the plaintiff may, with the leave of the court, amend his original petition, provided the amendment does not alter the substance of his demand by making it different from the one originally brought."

The court held that the proposed amendment, alleging that the material of which the beam was composed was inferior wood and that it also had holes in it, was but an amplification of the original petition that the elevator broke by reason of defective material of which the same was composed and particularly of the crossbeam from which the said elevator was suspended, and only added additional particulars to show the truth of this allegation.

We are not prepared to say that the court erred in this ruling, but we do not think that the court was bound in the matter of allowing this amendment by the above-quoted section of the Code of Louisiana. The matter of amendments in the United States District Court is particularly provided for by federal statute, and is therefore not controlled by the general provision of law adopting, as far as may be, the practice of the courts of the state wherein the United States court is sitting in matters not provided for by the United States statutes. Revised Statutes, § 954 (Comp. St. § 1591), provides that the trial court "may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe." In a case where a federal court permitted an amendment after judgment, the Supreme Court of the United States held:

"And since the trial court in the present case still had control of the record, it had jurisdiction to act, and we may add that we do not perceive that there was any abuse of discretion in permitting the amendment in the circumstances disclosed. Mexican Central Railway Co. v. Pinkney, 149 U. S. 194, 201; Tremaine v. Hitchcock, 23 Wall. 518. If the statutes of Texas forbade such an amendment, the law of the United States must govern. Phelps v. Oaks, 117 U. S. 236; Southern Pacific Co. v. Denton, 146 U. S. 202." Mexican Central Ry. Co. v. Duthie, 189 U. S. 76, 78, 23 Sup. Ct. 610 (47 L. Ed. 715).

[2, 3] The amendment did not introduce a new and distinct cause of action against which the prescription of one year had run prior to the date of the filing of such amendment. The accident was the same, the negligence alleged by both the original and amended petition related to the defective condition of the crossbeam, and attributed the accident to this cause. Under the federal decisions, the filing of the amendment related back to the date of the commencement of the action. Smith v. Missouri Pac. Ry. Co. (C. C. A.) 56 Fed. 458, 460,

5 C. C. A. 557; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 604, 12 Sup. Ct. 905, 36 L. Ed. 829.

[4] 2. We think that, under the contract introduced in evidence and the conduct of the parties thereunder, as disclosed in the record, the relation between the Underwood Contracting Corporation and the First National Bank of Acadia Parish was that of owner and contractor, and not that of master and servant. The employees were all employed by the defendant, and such supervision of the work as the First National Bank may have retained under said contract is entirely consistent with the relation of owner and contractor. The contract provided that the defendant would furnish plans, specifications, satisfactory architectural services, and superintendence, and all *labor and material* required to build and equip said bank building. Said defendant was to employ all labor at the most favorable prices, and to give to the bank the benefit of all discounts, rebates, refunds, etc., as it might obtain in connection with the performance of said contract. The contract provided that the building was to be constructed for the actual cost of such material and labor and the further fixed compensation of $28,700. We do not think that it created the relation of master and servant between said bank and said defendant. The District Court did not err in construing it as constituting the Underwood Contracting Corporation an independent contractor. Carleton v. Foundry & Machine Products Co., 199 Mich. 148, 165 N. W. 816, 19 A. L. R. 1141, 1147; 19 A. L. R. 250, note.

3. The above construction of this contract makes the two exceptions to the testimony taken immaterial, even if well taken.

There being no other errors assigned, the judgment of the District Court is affirmed.