### AMERICAN FINANCE & COMMERCE CO. v. WILCOX.

(Circuit Court of Appeals, Fifth Circuit.  January 29, 1924.)

No. 4089.

I. **Courts** �köw347—**Amendments in federal court governed by federal statute and not by state practice.**

Amendment of pleadings in the federal courts is governed by Rev. St. § 954 (Comp. St. § 1591), which makes the allowance of amendments discretionary, and not by the state practice.

2. **Sales** ⊛182(1)—**Testimony held sufficient to raise issue of fact as to condition of goods when shipped.**

Testimony of experts that sugar delivered on a contract of sale could not have deteriorated to its then condition if it had been in the good condition testified to by seller's witnesses when shipped *held* sufficient to raise an issue of fact for the jury as to its condition when shipped.

**3. Appeal and error ☞1053(3)—Admission of immaterial evidence held harmless under the instructions given.**

In an action for breach of contract, admission of evidence that defendant refused to arbitrate as provided by the contract, even if such evidence was immaterial to plaintiff's case, *held* without prejudice under the instructions given.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by Frank D. Wilcox against the American Finance & Commerce Company. Judgment for plaintiff and defendant brings error. Affirmed.

Alfred C. Kammer, of New Orleans, La. (Dufour, Goldberg & Kammer, of New Orleans, La., on the brief), for plaintiff in error.

Chas. Rosen, of New Orleans, La., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. This cause comes on for hearing upon writ of error directed to the District Court for the Eastern District of Louisiana. On November 5, 1920, the defendant in error, hereinafter called the plaintiff, filed his petition in the civil district court for the parish of Orleans, against the plaintiff in error, hereinafter called the defendant, alleging, among other things, that on May 13, 1920, a contract was entered into, wherein it was agreed by the plaintiff to buy, and by the defendant to sell, 60,000 pounds, more or less, of Salvador Panela sugar, light and medium brown, at the price of 12 cents per pound, c. i. f. New Orleans.

The contract required the plaintiff to pay the amount in cash upon arrival against delivery order and/or against indorsed bill of lading, consular invoice, and insurance certificate in case of loss; that the sugar was sold as a sound, merchantable article; that, upon the arrival in New Orleans, the sum of $7,236 was paid by plaintiff to the defendant upon the delivery of the required documents; that upon examination the sugar was not sound and merchantable, but was unsalable; that the contract provided for arbitration in case of any dispute; that upon discovery of the condition of the sugar the defendant was requested to arbitrate, which it refused to do, and thereupon the plaintiff notified the defendant that he would store said sugar and sell it to the best advantage for the account of the defendant; that he did same and suffered a certain amount of damage. The original petition alleged that upon the receipt of the sugar at New Orleans it was unsound, inverted, unmerchantable, and practically worthless and unsalable. Upon proper proceedings by the defendant, the case was removed to the United States District Court. Subsequently, a supplemental and amended petition was filed by the plaintiff, reducing the amount of damages claimed.

On March 1, 1921, the defendant filed its answer, admitting making the contract; the arrival of the sugar; the payment received; that the plaintiff selected and accepted delivery of the sugar; that demand was

made for arbitration or return of purchase money; that defendant complied with the obligation to insure the sugar as required by the contract; that, both at the time of delivery alongside ship and upon its arrival and delivery at New Orleans, the sugar was in full accordance with the terms and conditions of the contract.

[1] Upon commencing the trial and after the taking of testimony was begun, the court allowed the plaintiff to amend his petition and amended petition by alleging that the sugar was unsound, inverted, and unmerchantable at the time of delivery alongside ship at the shipping point. This action of the court is the third error assigned. The court, at the time of allowing the amendment, stated to counsel that if the defendant was surprised or desired time, the same would be afforded it, by a continuance of the cause. No surprise or additional time was claimed by defendant. If error, it was harmless, and the cause would not be reversed therefor. But in any event this court decided in Underwood Contracting Corp. v. Davies, 287 Fed. 779, that amendments to pleadings was governed by section 954, R. S. U. S. (Comp. St. § 1591), and not by the Civil Code of Louisiana.

The first and second assignments of error are based upon the refusal of the court to give a peremptory instruction to find a verdict for the defendant, upon motions made at the close of plaintiff's testimony, and renewed at the close of all the testimony.

It is contended that these motions should have been granted because the testimony did not show the sugar was unmerchantable, unsound, and unsalable at the time of receipt alongside the ship at the shipping point, and, second, because the testimony did show an acceptance of the sugar by the plaintiff in full compliance with the contract.

[2] Defendant contends that plaintiff offered no evidence to show the condition of the sugar at the time of shipment, but only testimony to show its condition at the time of its receipt at New Orleans. There was testimony of experts that the sugar could not have deteriorated to its condition at the receipt in New Orleans, had it been in good condition at the time of shipment, and this issue it was incumbent upon the trial court to submit to the jury.

It is true that defendant offered evidence tending to show that the sugar was in good condition at the time of shipment. This was the issue, and it would have been error for the trial court to withdraw this issue from the jury in the state of the testimony.

Nor do we think that the testimony without dispute showed the acceptance by the plaintiff of the sugar as a full compliance with the contract of purchase. The motion could not have been granted on that contention. There was no error in the court's refusal to grant the motions.

We have examined the assignments based upon the admission of testimony and find no reversible error.

As to the fourth and fifth assignments, the documents introduced in evidence were the basis of plaintiff's claim and the defendant's defense to some extent, and certainly no prejudicial error could have resulted to the defendant.

[3] Assignments 6, 7, 8, and 9 are to the evidence that defendant

refused to arbitrate. This testimony might have been immaterial to the issue upon which the plaintiff's right to recover depended, yet we fail to see how the defendant could have been prejudiced thereby. The right to recover was not based upon the defendant's refusal to arbitrate, and this was made clearly apparent to the jury by the trial judge.

Assignments 10 and 11 challenge the court's action in refusing two charges asked by the defendant, Nos. 3 and 5. The trial judge in his charge covered the law the defendant sought to have charged by these instructions refused. But the record nowhere shows that the defendant reserved any exception to such refusal. The only exceptions to charges shown in the record are reserved by the plaintiff.

The trial judge adopted the view of the defendant as to what was necessary to the plaintiff's case, to be shown by the evidence, and this view is emphasized by his reply to the question of the juror asked, after the judge had finished delivering his charge.

We find no reversible error, and the judgment is affirmed.