**LOUISIANA RY. & NAV. CO. v. McGLORY.**

Circuit Court of Appeals, Fifth Circuit.
July 14, 1927.

No. 4964.

**1. Pleading ⬲245(3)—Amendment at trial of petition to more specifically charge engineer's negligence held not prejudicial, in absence of surprise or request for delay (Comp. St. § 1591).**

Where petition, in action for injury to brakeman, sustained when engine was backed while he was between cars to be coupled, alleged negligence of engineer generally, amendment over defendant's objection of petition, so as to more specifically state nature of engineer's negligence, *held* allowable, under Rev. St. § 954 (Comp. St. § 1591), and in absence of claim of surprise, or request for additional time, defendant was not prejudiced by amendment after trial had commenced.

**2. Witnesses ⬲380(5)—Plaintiff, suing for personal injuries, surprised by testimony of his witness, held properly permitted to interrogate witness as to inconsistent statements.**

Where brakeman, suing railroad for personal injuries, was surprised by testimony of another brakeman, called as plaintiff's witness, as to condition at time of accident of coupler on one of cars attempted to be coupled, court properly permitted plaintiff to interrogate witness as to statements made by him prior to the trial, inconsistent with his testimony, and to introduce testimony as to his making of such inconsistent statements.

**3. Witnesses ⬲380(5), 400(1)—Though party may not impeach general reputation of his witness, he may show his testimony is untrue, or inconsistent with previous statements.**

Though a party may not impeach the general reputation of his own witness, he may show that the whole or any material part of the testimony of the witness is untrue, and inconsistent with statements previously made by witness out of court.

**4. Appeal and error ⬲728(2)—Admission of evidence of part of document held not reviewable, where evidence admitted was not set out in assignment of error or record (Circuit Court of Appeals rule 11).**

An assignment of error, based on the overruling of an objection to the admission of evidence of part of a document, was not sustainable, because what was so admitted in evidence was not set out in the assignment of error, based on that ruling, as required by Circuit Court of Appeals rule 11, or in any part of the record.

**5. Master and servant ⬲139—Railroad was liable, if engineer's negligence in backing engine was proximate cause of brakeman's injury.**

Railroad was liable for negligence of its engineer in backing engine and tank car, when he knew or had reasonable cause to believe that brakeman was between cars intended to be coupled, if such negligence was proximate cause of the injury.

20 F.(2d)—35

**6. Master and servant ⬲285(11)—Whether negligence in backing engine was proximate cause of injury to brakeman held for jury.**

Whether engineer's negligence in backing engine and tank car was proximate cause of injury to brakeman, who was between cars intended to be coupled, *held* for jury.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by Walter McGlory against the Louisiana Railway & Navigation Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. H. Randolph, of Shreveport, La., for plaintiff in error.

S. P. Jones, of Marshall, Tex., and Joseph D. Barksdale, of Shreveport, La. (Jones & Jones, of Marshall, Tex., and Barksdale, Bullock, Warren, Clark & VanHook, of Shreveport, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error, herein called the plaintiff, to recover damages for personal injuries sustained by him while he was acting as a brakeman on a freight train operated by his employer, the plaintiff in error, and engaged in interstate commerce. The allegations and proof showed that the injury complained of occurred in the following circumstances: The plaintiff in the performance of his duty as brakeman took part in an attempt to couple an engine and tank car to the front end of a train which was to be moved by the engine. Before it was discovered that the attempt to make the coupling failed the air hose between the cars intended to be coupled was connected by plaintiff, and the engineer was given a signal to back up. When he attempted to comply with that signal, he found that he could not do so until the slack of the train was taken up. Thereupon he moved the engine forward a short distance to take up the slack. When this was done, it was disclosed to plaintiff that the coupling had not been effected, and that the forward movement of the engine pulled apart the air hose which had just been connected, causing the air to escape.

Thereupon plaintiff went between the cars intended to be coupled and cut off the escaping air, to keep the brakes upon the entire train from being set fast by the escape of all the air from the hose. While plain-

tiff was between the cars, the engine and tank car were backed, with the result that plaintiff's arm was caught and so injured that it had to be amputated. The injury was attributed to negligence of the employer in permitting the coupling apparatus to be in defective condition, and to negligence of the engineer in backing the engine while plaintiff was between the cars for the purpose of stopping the escape of air from the hose. A reversal is sought because of the court's rulings in permitting an amendment of plaintiff's petition after the trial was entered upon, in admitting evidence over objections thereto, and in denying a motion, made when the evidence was closed, for an instructed verdict in favor of the defendant, the plaintiff in error.

[1] The following was the amendment to plaintiff's petition, which the court permitted over objections on the grounds that it changed the issues, that it was inconsistent with the original pleadings, and that it was not permissible at that stage of the trial:

"That the engineer saw the plaintiff go between the cars and knew or should in the exercise of ordinary care, have known that the plaintiff was between the said cars, and notwithstanding such knowledge, or being charged with such knowledge, negligently brought the cars together, crushing and injuring plaintiff's arm."

When the objection was overruled, and the amendment allowed, the court stated that, if there was any substantial reason why the defendant could not meet the proof on the issues raised by the amendment an opportunity to do so would be allowed. Thereupon defendant's counsel stated that they would just reserve an exception to the court's ruling, and did not desire to delay the trial. The amendment more specifically charged negligence of the engineer, which was charged generally in the original petition. It was allowable under the statute (R. S. § 954 [Comp. St. § 1591]), and, as no surprise or additional time was claimed by the defendant, there is no basis for a claim that defendant was prejudiced by the allowance of the amendment after the trial was entered upon. American Finance & Commerce Co. v. Wilcox (C. C. A.) 297 F. 174; Underwood Contracting Corporation v. Davies (C. C. A.) 287 F. 776.

[2] After John Myers, a witness introduced by the plaintiff, who was the other brakeman on the train, had testified to the effect that the coupler on one of the cars attempted to be coupled was in good condition at the time plaintiff was injured, the court, after plaintiff's counsel stated he was taken by surprise by the testimony of the witness, over objections permitted the plaintiff to interrogate the witness as to statements made by him prior to the trial, which were inconsistent with his testimony, and to introduce testimony as to the making of such inconsistent statements by the witness.

The court's rulings in question were in harmony with the decision of this court in the case of Sneed v. United States, 298 F. 911, 37 A. L. R. 772, to the effect that, when a party is surprised by the testimony of a witness introduced by him, he may interrogate the witness as to previous statements made by him, which are inconsistent with his testimony, and may contradict the witness by proof as to his previously making such inconsistent statements. The opinion in the cited case refers to controlling authorities on the subject, and states the ground of the conclusion reached.

[3] While a party may not impeach the general reputation of his own witness, he may show that the whole or any material part of the testimony of the witness is untrue, and inconsistent with statements previously made by the witness out of court. Fox v. Forty-Four Cigar Co., 90 N. J. Law, 483, 101 A. 184, 5 A. L. R. 723. The rulings under consideration were not erroneous.

[4] An assignment of error, based upon the overruling of an objection to the admission of evidence of part of a document mentioned, is not sustainable, because what was so admitted in evidence is not set out in the assignment of error based on that ruling, as required by a rule of this court (rule XI), or in any part of the record.

[5, 6] The court did not err in overruling the motion for an instructed verdict in favor of the defendant. Assuming that the evidence was not such as to support a finding that a defective condition of the coupling, negligently permitted to exist by the defendant, was a proximate cause of the injury complained of, evidence adduced supported a finding that negligence of the engineer in backing the engine and tank car, when he knew or had reasonable cause to believe that plaintiff was between the cars intended to be coupled, was a proximate cause of the injury. The defendant was liable for such negligence, which was duly charged to be a cause of the injury, and under the evidence the question whether such negligence did or did not cause the injury complained of was one for the jury.

No reversible error being shown by the record, the judgment is affirmed.