## CONWELL v. CENTRAL MISSOURI TELEPHONE CO.

No. 4536.

District Court, W. D. Missouri, W. D.

Nov. 26, 1947.

Robert L. Jackson, of Kansas City, Mo., for plaintiffs.

Dooley & Baker, of Chicago, Ill., and Morrison, Nugent, Berger, Hecker & Buck, of Kansas City, Mo., for defendant.

DUNCAN, District Judge.

The matter for consideration is defendant's motion to dismiss plaintiff's complaint for overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., on the ground that under the allegations of the complaint the Court is without jurisdiction.

The action was instituted on January 21, 1947, prior to the passage of the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq. It is not a so-called portal-to-portal case and the complaint does not allege that the amount claimed is due "pursuant to an express provision of a written or unwritten contract in effect at the time of such activity between the employee, his agent or collective bargaining representative and his employer, or to a custom or practice in effect at that time." Defendant insists that under the Portal-to-Portal Act such an allegation is necessary to confer jurisdiction on the Court.

Plaintiff alleges that from and after February 1, 1942, she was employed by the defendant as a night operator of the telephone exchange operated by the defendant at Holden, Missouri, and Laura Pinkepank was employed by the defendant as a night operator of the telephone exchange operated by the defendant at Sweet Springs, Missouri; that from and after the date aforesaid until on or about September 1, 1946, Lillie Conwell and Laura Pinkepank, who will be hereafter referred to as plaintiffs, worked 11 hours per day, 6 days per week, each and every work week between the dates aforesaid, and that during all of said period of time the work, duties and details which they performed for and on behalf of the defendant were in interstate commerce and so closely connected to interstate commerce as to be a part thereof, in that the plaintiffs received telephone calls from outside of the State of Missouri destined for people within the State of Missouri, the plaintiffs assisting in and conducting said interstate communication referred to, handled long distance telephone messages originating within the State of Missouri to numerous points outside the State of Missouri, assisting in the interstate communication at all times herein mentioned; that the telephone exchanges of the defendant located at Holden, Missouri, and at Sweet Springs, Missouri, at all times herein mentioned were integral parts of interstate commerce and interstate communication, and at all times herein mentioned the defendant was an employer within the terms and conditions of the Act; that the employees at all times were employees under the terms and conditions of the Act; and that the plaintiffs and the defendant at all times herein mentioned were engaged in commerce and in the production of goods for interstate commerce under the terms and conditions of the Act.

Plaintiff further alleges that from February 1, 1942, to September 1, 1946, Lillie Conwell worked the total of 2,500 hours for which she was not paid time and a half for overtime; that she was employed continuously during said period of time at the minimum rate of 40 cents per hour, and that the defendant is indebted to her for 2,500 hours of overtime at time and a half or at 60 cents per hour, or a total of $1,500; that from February 1, 1942, to September

1, 1946, Laura Pinkepank worked the total of 3,000 hours for which she was not paid time and a half for overtime; that she was employed continuously during said period of time at the minimum rate of 40 cents per hour, and that the defendant is indebted to her for 3,000 hours of overtime at time and a half or at 60 cents per hour, or a total of $1,800.

■ Defendant contends that although the action is not a portal-to-portal pay claim, the jurisdiction of the Court is governed by the Portal-to-Portal Act and that the jurisdiction of the Court is founded entirely upon the question of whether or not the compensation of the plaintiff was based upon an express written or unwritten contract, or a practice or custom. The latter Act denies to the Court the right to entertain jurisdiction of any claim, although it may have accrued prior to the passage of the Act, and notwithstanding the fact that it arose as a legitimate claim for compensation for time actually worked in interstate commerce in excess of 40 hours as defined by Section 207, supra, except as specifically granted by the Act.

The question is solely one of jurisdiction. The plaintiff alleges that she worked 11 hours a day, 6 days a week each and every week between certain specific dates, during all of which period the duties performed by her were in interstate commerce, and that said employment was continuous during periods for which she was employed at the minimum rate of 40 cents per hour and that the defendant is indebted to her for all time in excess of 40 hours per week actually worked by her, or a total of 2,500 hours at 60 cents an hour for time and a half.

■ The Portal-to-Portal Act did not repeal Section 207 of the Fair Labor Standards Act of 1938 nor change any of its provisions. It simply withdrew from the Court jurisdiction to entertain certain types of cases that had been brought or likely would be brought under the assumption that the Act applied. The portal-to-portal pay cases were not cases in which compensation was sought for work actually rendered in excess of 40 hours per week as provided by the Fair Labor Standards Act; but were for compensation claimed for time spent in preparation for work *to be* performed—that is, for getting ready to work, such as changing clothes before and after actual working hours and for proceeding from certain places on the premises of the employer to actual places of work and in returning from the actual places of work to the starting point.

If defendant is correct as to the legislative intent, then no person other than the organized groups whose compensation and working hours and conditions are fixed by working agreements would be able to enforce his right to overtime pay for time actually and legitimately earned under the Fair Labor Standards Act prior to the passage of the Portal-to-Portal Act.

I think the Court could almost take judicial notice of the fact that prior to the passage of the Fair Labor Standards Act, in the absence of contracts to the contrary, overtime compensation was never paid nor were the hours of labor limited, except by State statute with respect to certain groups engaged in *intrastate* commerce. The Fair Labor Standards Act provided a minimum wage and maximum hours of labor and a fixed schedule of overtime for those who work in excess of the statutory number of hours at the statutory rate of pay, and provided for an inescapable obligation to pay overtime for longer hours actually worked.

Subsequent to the passage of the Fair Labor Standards Act it was a universal practice, with rare exceptions which were in violation of the law, for employers to pay employees engaged in interstate commerce time and a half for all time in excess of 40 hours a week. If custom can be established by operation of law, and I do not hold it can, certainly it was the custom of employees engaged in interstate commerce, and plaintiff alleges that she was, to receive pay for overtime.

In its brief, defendant has made available to the Court a large part of the debates in Congress relative to the intent of Congress.

I think the remarks of Senator Ferguson very well typify the discussion. Senator Ferguson, a member of the Judiciary Committee, who actively participated in the preparation and passage of the Portal-to-Portal Act, in discussing the extent to

which the proposed bill destroyed existing causes of action, used the following language:

"I answer by saying that it is the intent of the section referred to abolish every known claim that could exist under the Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.] the Walsh-Healey Act [41 U.S.C.A. § 35 et seq.] or the Bacon-Davis Act [40 U.S.C.A. § 276a et seq.]—specifically under the acts and by virtue of nothing else than the acts, except claims which may arise under any express or implied contract. It wipes out all claims that are specifically provided for in the acts referred to. I think it was the intention of the drafters of the legislation to wipe out everything under those acts that was not based upon contract or custom or practice. That was the intention."

This statement seems to agree with the statements of most other Senators who discussed the matter. It would, therefore, seem that it was the intention of the Congress to wipe out every existing claim except those that had arisen under contract written or unwritten, express or implied, or pursuant to custom or practice.

It must be observed, however, that the Senator used the expression or the phrase *"express or implied contract."* Senator Ferguson is recognized as a profound lawyer. He was an outstanding judge prior to his election to the United States Senate. I am sure his words were not used lightly and without consideration. It is difficult to conclude that the Congress of the United States intended to deny jurisdiction of the Court over legitimate claims of employees who had actually worked many hours in excess of 40 hours permitted by the Fair Labor Standards Act. Nowhere was it insisted during the consideration of the Act that such claims were unfair or unjust or outside the scope of the Fair Labor Standards Act, nor were there any expressions indicating a desire to destroy any such claims, or the jurisdiction of the Court with respect thereto except insofar as it was necessary to deny jurisdiction with respect to the portal-to-portal pay cases which were not seeking compensation for actual services rendered for productive labor, but for traveling and waiting time and for other activities outside actual productive activities.

Section 207 of the Fair Labor Standards Act provides that:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce * * * for a workweek longer than 40 hours after the expiration of the second year from such date, (1938) unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

In construing this section the Courts have said that any contract between employer and employee subject to the Fair Labor Standards Act inconsistent with its provisions is illegal and not binding upon employer or employee. Martino v. Michigan Window Cleaning Company, 327 U.S. 173, 66 S.Ct. 379, 90 L.Ed. 603, rehearing denied 327 U.S. 816, 66 S.Ct. 699, 90 L.Ed. 1039; Johnson et al. v. Dierks Lumber and Coal Company, 8 Cir., 130 F.2d 115; Jewell Ridge Coal Corporation v. Local No. 6167, United Mine Workers of America, et al., 4 Cir., 53 F.Supp. 935.

If the allegations in plaintiff's complaint clearly show the jurisdiction of the Court, the selection of particular language or words is not necessary. For example, it would not be necessary to allege that a person bringing an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was engaged in interstate commerce if he alleged that he was transporting commodities from a place in one State to a place in another State.

It seems to me that in order to allege jurisdiction under the Fair Labor Standards Act or the Portal-to-Portal Act, it is not necessary to use the exact words of the statute if from the language actually used the Court may conclude that the action is within the limitation of the Court's jurisdiction as defined by the Portal-to-Portal Act.

Plaintiff alleges that she was employed in interstate commerce at 40 cents per hour, and that she was required to and

did work 66 hours per week and that she was not paid one and one-half times the regular hourly rate of 40 cents.

As there could have been no contract of employment between plaintiff and defendant which did not include the mandatory provisions of Section 207, supra, as to payment of overtime for hours in excess of 40 hours per week, it would seem that these allegations imply, if not clearly express, an agreement to pay in compliance with the statute and are sufficient to sustain the action under the limitations of the Portal-to-Portal Act, and that the motion to dismiss should be overruled.

It is so ordered.