**BOERKOEL v. HAYES MFG. CORPORATION.**
Civil Action No. 963.

District Court, W. D. Michigan, S. D. March 26, 1948.

772

Harrington, Waer & Cary and Leon W. Harrington, all of Grand Rapids, Mich., for plaintiff.

McKee Robison, of Detroit, Mich., and Alexander, Cholette, Buchanan, Perkins & Conklin and Paul E. Cholette, all of Grand Rapids, Mich., for defendant.

STARR, District Judge.

On December 31, 1946, plaintiff filed complaint under section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 216(b), to recover alleged unpaid overtime compensation and also liquidated damages, court costs, and attorney's fee. He alleged in substance that while employed by defendant in its plant at Grand Rapids, Michigan, during the period from September, 1941, to December, 1944, he was engaged in the production of goods for commerce and that during this period he was employed more than 40 hours a week but received compensation for only 40 hours. He further alleged that he was entitled to overtime compensation under section 7·of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 207, which provides in part:

"(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce— * * *

"(3) for a workweek longer than forty hours after (October 24, 1940) the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Defendant filed answer admitting that plaintiff was engaged in the production of goods for commerce, but denying liability on the ground, among others, that plaintiff was "employed in a bona fide executive [and] administrative * * * capacity" as provided in section 13(a) of said Act, 29 U.S.C.A. § 213(a). On May 14, 1947, subsequent to the beginning of the present suit, Congress amended the Fair Labor Standards Act by passing the so-called Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq. Section 2 of this act, 29 U.S.C.A. § 252, which gives "relief from certain existing claims under the Fair Labor Standards Act of 1938, as amended," provides in part:

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended * * * (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect ·at the time of such activity,

between such employee, his agent, or collective-bargaining representative and his employer.

"(b) For the purposes of subsection (a) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable.

"(c) In the application of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act of 1938, as amended, * * * in determining the time for which an employer employed an employee there shall be counted all that time, but only that time, during which the employee engaged in activities which were compensable within the meaning of subsections (a) and (b) of this section.

"(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, * * * to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

Subsequent to the passage of the Portal-to-Portal Act defendant amended its answer by alleging as a special defense that because plaintiff was claiming overtime compensation for activities which were not made compensable by either contract, custom or practice, his action was barred and the court deprived of jurisdiction by section 2(d) of the Portal-to-Portal Act above quoted. Defendant also filed motion to dismiss the complaint on the following grounds:

(1) Because it failed to state a claim against defendant upon which relief could be granted;

(2) Because the court was without jurisdiction of the subject matter, as jurisdiction had been withdrawn by section 2(d) of the Portal-to-Portal Act;

(3) Because plaintiff's alleged claim was barred by section 2(d) of the Portal-to-Portal Act.

■ Federal courts are courts of limited jurisdiction, and it has long been established that a complaint must allege facts which affirmatively show jurisdiction. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Holland v. General Motors Corporation, D. C., 75 F.Supp. 274; Seese v. Bethlehem Steel Co., D. C., 74 F.Supp. 412. Therefore, the first question in the present case is whether or not, under the Fair Labor Standards Act as amended by the Portal-to-Portal Act, plaintiff's complaint alleges facts establishing the jurisdiction of this court. In considering this question the court has had the benefit of comprehensive and able briefs submitted by counsel for the respective parties.

The constitutionality of the Portal-to-Portal Act, particularly section 2 thereof, has been upheld by many decisions, including the following: Cochran v. St.Paul & Tacoma Lumber Co., D. C., 73 F.Supp. 288; Burfeind v. Eagle-Picher Co., D. C., 71 F.Supp. 929; Holland v. General Motors Corporation, supra; Bumpus v. Remington Arms Co., D. C., 74 F.Supp. 788; Seese v. Bethlehem Steel Co., supra; Bateman v. Ford Motor Company, D. C. E. D. Mich., 76 F.Supp. 178 (decided February 27, 1948).

■ The present case was begun, and involves activities performed, prior to the passage of the Portal-to-Portal Act. However, it should be noted that the above-quoted provisions of that Act apply to any action or proceeding, whether instituted prior to or after the date of its enactment. It seems clear that under section 2(d), the court does not have jurisdiction unless the complaint alleges facts affirmatively showing that plaintiff's overtime activities were compensable under some contract provision or under a custom or practice as provided by section 2(a) and (b). In Sadler v. W. S. Dickey Clay Mfg. Co., D.C., 73 F.Supp. 690, 691, the court said:

"The complaint in this so-called 'Portal-to-Portal' action does not allege that the liability claimed of defendant for failure to pay overtime compensation was the result of the breach of 'an express provision of a written or nonwritten contract in effect, at the time' of the events set forth in the complaint; or the deviation from 'a custom or practice in effect, at the time of such activity, at the establishment or other place where' the employees here involved were employed by defendant. Because of such deficiency, defendant has moved to dismiss this action for want of jurisdiction in the Court to proceed with the further prosecution hereof, in light of the provision of Section 2(a) (b) (c) (d) of the 'Portal-to-Portal Act of 1947' 29 U.S.C.A. § 251, etc. * * *

"Since enactment of Section 2 of the 'Portal-to-Portal Act of 1947,' employees prosecuting actions, seeking to recover minimum wages or overtime compensation under Sections 6, and 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 206, 207, must submit proof that they are entitled to such compensation, by reason of either:

" '(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

" '(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.'

"Congress, in Section 2(d) of the 'Portal-to-Portal Act of 1947,' has delimited the jurisdiction of all courts to enforce liabilities accruing under the Fair Labor Standards Act of 1938, to the extent, that in such actions a recovery may (now) be had only for activities that are referable to the contingent situations stated in subsections (a) and (b) of Section 2 thereof. So limiting the jurisdiction of the United States District Courts, the axiom, that whatever is essential to establish Federal jurisdiction to

determine a cause must be shown to exist by allegations contained in the complaint, comes into operation. If a complaint prosecuted in the Federal Courts does not establish jurisdiction in the Court to adjudicate the cause there asserted, the suit must be dismissed unless the defect in the complaint can be cured by amendment. Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682; McNutt v. General Motors, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. Federal Courts are Courts of limited jurisdiction, and it has always been held that in Courts of a special, limited jurisdiction the pleadings must contain averments which place the case within the jurisdiction of such Courts. Hence the requirement is, that jurisdiction must affirmatively appear from facts set forth by distinct averments in the statement of the cause of action asserted; otherwise, a Federal Court cannot proceed. Gully v. First National Bank, 299 .U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70."

See, also, Seese v. Bethlehem Steel Co., supra; Holland v. General Motors Corporation, supra.

■■■ If the allegations in a complaint clearly show the jurisdiction of the court, the selection of particular language or words is not necessary. Conwell v. Central Missouri Telephone Co., D. C., 74 F.Supp. 542, 545. However, a complaint which merely alleges that the plaintiff was engaged in commerce or in the production of goods for commerce for more than 40 hours a week and was not paid overtime compensation for the excess of 40 hours, as required by section 7 of the Fair Labor Standards Act of 1938, as amended, does not affirmatively show the jurisdiction of the court under the limitations of section 2(d) of the Portal-to-Portal Act. In other words, such a complaint would not show that the activities upon which the claim for overtime compensation was based were compensable by contract, or by a custom or practice in effect at the time of such activities, in the establishment or other place where the plaintiff was employed. To hold that such a complaint was sufficient and gave the court jurisdiction would in effect nullify the contract, custom or practice requirement which section 2 of the Portal-to-

Portal Act expressly imposes as a condition precedent to the compensability of all activities.

In the present case plaintiff merely alleges in substance that during the period from September, 1941, to December, 1944, he was employed by defendant in the production of goods for commerce; that during this period he was employed in excess of 40 hours a week but was paid at his regular rate of pay for only 40 hours; and that under section 7 of the Fair Labor Standards Act of 1938, as amended, he is entitled to overtime compensation for the hours employed in excess of 40 hours a week. As he does not allege facts showing that his activities were compensable under section 2 (a) and (b) of the Portal-to-Portal Act, it is clear his complaint does not establish this court's jurisdiction under the restrictive provisions of section 2 (d) of the Act.

Plaintiff contends that section 2 of the Portal-to-Portal Act is not applicable because his suit is not based on strictly portal-to-portal activities, that is, activities preliminary or postliminary to his principal activities. However, this contention ignores the plain wording of that section, which covers all activities and claims arising prior to the passage of the Act and determines the compensability of all activities during an employee's day. It should be noted that section 4 of the Act deals only with future claims for so-called portal-to-portal activities. In determining that section 2 of the Act is not limited to strictly portal-to-portal activities, the court said in Seese v. Bethlehem Steel Co., supra, 74 F. Supp. 416:

"When we look at the wording and structure of the Portal Act we find that it was clearly intended to define what activities claimed to create a liability for overtime work were made compensable. Thus the language reads—(see section 2 (a) hereinbefore quoted). * * * It will be noted that the Act in this respect is not limited to portal-to-portal activities as such but defines the essential characteristics of any alleged liability for nonpayment of minimum wages or overtime compensation. None are to be compensable 'except an

activity which was compensable by either—' contract, custom or practice. Furthermore, while the language includes the word 'except,' it seems entirely clear from the whole wording that the exception is the only activity which is compensable."

In Conwell v. Central Missouri Telephone Co., supra, the court said 74 F. Supp. 544:

"The latter Act (Portal-to-Portal) denies to the Court the right to entertain jurisdiction of any claim, although it may have accrued prior to the passage of the Act, and notwithstanding the fact that it arose as a legitimate claim for compensation for time actually worked in interstate commerce in excess of 40 hours as defined by Section 207, supra (Fair Labor Standards Act), except as specifically granted by the Act."

To the same effect, see the recent case of Bateman v. Ford Motor Company, supra, where the court said:

"These provisos (the contract and custom or practice requirements of Section 2 of the Portal-to-Portal Act) applied to any employer liabilities whether based on activities prior to or after the Act's enactment, making the act admittedly retroactive, and furthermore applying with equal force to claims which under previous decisions might have been considered meritorious as well as to fantastic 'windfalls' sought by the great majority of these so-called Portal-to-Portal suits."

Plaintiff's complaint in the present case does not state facts showing that his alleged overtime activities were made compensable by a contract provision or custom or practice, as required by section 2 of the Portal-to-Portal Act. Therefore, the court concludes that the complaint does not allege facts affirmatively showing the jurisdiction of the court.

Having concluded that plaintiff's complaint fails to allege facts showing jurisdiction, the court would ordinarily grant him 20 days within which to file an amended complaint alleging jurisdictional facts. See Holland v. General Motors Corporation, supra; Sadler v. W. S. Dickey Clay Mfg. Co., supra; Seese v. Bethlehem Steel Co., supra. In a pretrial conference and in

his brief plaintiff has indicated that if the court determines that his complaint is insufficient to give jurisdiction, he will amend by alleging that his overtime activities were made compensable by contract, and by custom or practice consistent therewith, in effect at the time of his employment in defendant's plant. However, in the pretrial conference and in its brief defendant contends that plaintiff's proposed amendment of his complaint would in effect state a new cause of action, which would be barred by the statute-of-limitations provisions of section 6 of the Portal-to-Portal Act, 29 U.S.C.A. § 255, which provides:

"Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, * * * ;

"(b) if the cause of action accrued prior to the date of the enactment of this Act— may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the enactment of this Act unless at the time commenced it is barred by an applicable State statute of limitations."

Plaintiff contends that his proposed amendment would not state a new cause of action but would relate back to the date of his complaint and would serve only to show that his alleged overtime activities were compensable under section 2 (a) and (b) of the Portal-to-Portal Act. In other words, plaintiff contends that because his proposed amendment would not state a new cause of action, his original cause of action for compensation for overtime activities is not barred by the statute-of-limitations provisions of section 6 of the Act. It seems advisable to determine this question relative to the effect of plaintiff's proposed amendment at this time in order to avoid further delay and to expedite the trial of the case on its merits.

■ It is elementary that an amendment setting up a new cause of action different from that asserted in the original complaint, will not relate back to the date of the original complaint but will be governed by its own date. Thus an amendment will not be allowed if it introduces a new cause of action which, as an independent proceeding, would be barred by a statute of limitations. Salyers v. United States, 8 Cir., 257 F. 255; Manhattan Oil Co. v. Mosby, 8 Cir., 72 F.2d 840, certiorari denied 293 U.S. 623, 55 S.Ct. 237, 79 L.Ed. 710; Commissioner of Internal Revenue v. Rieck, 3 Cir., 104 F.2d 294, certiorari denied 308 U.S. 602, 60 S.Ct. 138, 84 L.Ed. 504, rehearing denied 310 U.S. 657, 60 S.Ct. 1084, 84 L.Ed. 1421; Lorenzen v. United States, 8 Cir., 52 F.2d 106. On the other hand, it is equally well established that if the amendment merely explains, expands or amplifies what was alleged in support of the cause of action already asserted, it relates back to the commencement of the action and is not affected by the intervening lapse of time. Seaboard Air Line Ry. Co. v. Renn, 241 U.S. 290, 36 S.Ct. 567, 60 L.Ed. 1006; Clinchfield R. Co. v. Dunn, 6 Cir., 40 F.2d 586, 74 A.L.R. 1276, certiorari denied 282 U.S. 860, 51 S.Ct. 34, 75 L.Ed. 761; Underwood Contracting Corporation v. Davies, 5 Cir., 287 F. 776.

In determining the question of whether or not plaintiff's proposed amendment of his complaint in the present case relates back to the date of the original complaint, the court is guided by Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In 5 Cyclopedia of Federal Procedure it is stated:

(Page 678, sec. 1927) "Rule 15(c) is to be interpreted in the light of modern authorities which 'favor allowing amendments to prevent failure of justice, especially where the statute of limitations has run.' Briefly, Rule 15(c) is to be liberally construed. Stated more specifically in cases where the reasons for the principle prohibiting an amendment which seeks to introduce a new cause of action when the same is clearly barred by the statute of limitations are not applicable or where there is some doubt as to whether the cause is clearly barred, the rule should be liberally construed, and especially is this so where the defendant is put to no disadvantage. This settled point of view culminates a trend that has been developing for some time."

(Page 688, sec. 1929) "In the present Federal Rules of Civil Procedure, of course, much is made of the fact that no allusion is made to 'cause of action,' presumably, among other things, to secure broader amendment practice in the present connection, however liberal and satisfactory the trend had been under a 'cause of action' terminology, although the phrase is still in general use in this and other connections. Moreover, the language of Rule 15(c) could hardly be made broader. Obviously, we are dealing here with a pronouncement which attempts, by a very broad statement of principle, to avoid the difficulties that have arisen in this connection in the past, and realization of that fact, coupled with the liberal interpretation doctrine, provides the cue to a proper approach. At the same time, it will be strange if courts do not tend to see that there is some fairly disclosed relationship between the amendment and the original claim."

█ The original complaint in the present suit, at the time of filing, was sufficient to state a cause of action for overtime compensation under section 7 of the Fair Labor Standards Act as then amended. Subsequently that Act was amended by the so-called Portal-to-Portal Act, the effect of which was to deprive this court of jurisdiction to enforce the liability alleged in the complaint unless that liability was shown to have been based on activities compensable by either contract provision or custom or practice. Plaintiff's proposed amendment to his complaint purports to show that the activities upon which the original complaint was based were compensable under a contract, and a plant custom or practice consistent therewith, as required by section 2 (a) and (b) of the Portal-to-Portal Act. It seems clear that this proposed amendment does not set up a new cause of action, but merely serves to show that the overtime employment alleged in the original complaint was compensable under section 2 of the Act. In holding that under Rule 15(c) of the Federal Rules of Civil Procedure an amendment related back to the date of the original complaint, the court said in Barthel v. Stamm, 5 Cir., 145 F.2d 487, 490:

"The Rules of Civil Procedure have abandoned the term 'cause of action' and substituted 'claim,' and they have abolished the old forms of action as separate measures of legal rights. A suit is now brought on a claim, stated in simple and untechnical language. The suit potentially involves the whole transaction which it identifies, and is intended to reach and settle the rights which arise out of the transaction. To this end, amendment is freely allowed."

In considering an amendment of a complaint in a tort action in Maty, Administratrix, v. Grasselli Chemical Co., 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745, the court said:

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. The original complaint in this cause and the amended complaint were not based upon different causes of action. They referred to the same kind of employment, the same general place of employment, the same injury and the same negligence. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment. The effect of the amendment here was to facilitate a fair trial of the existing issues between plaintiff and defendant."

See also United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619.

The claim which plaintiff would assert by his proposed amendment arose out of the same "conduct, transaction, or occurrence set forth * * * in the original pleading," and therefore under Rule 15(c) of the Federal Rules of Civil Procedure the amendment relates back to the date of the original complaint. The only purpose of the proposed amendment is to show affirmatively that the court had not been deprived of jurisdiction by section 2 of the Portal-to-Portal Act.

The court concludes that plaintiff's proposed amendment relates back to the original complaint and does not set up a new cause of action. Plaintiff is allowed 20 days from this date within which to file an amended complaint alleging facts necessary to establish the jurisdiction of this court. In case plaintiff fails to file such an amended complaint within the time prescribed, defendant's motion to dismiss will be granted.