This is an appeal from a judgment in the Hudson County Court of Common Pleas entered upon a directed verdict for defendant in an action by plaintiff to recover overtime wages under the Fair Labor Standards Act.
In October, 1938, the plaintiff was employed by the defendant as a watchman, fireman and porter. His hours were from 5:33 p.m. until 7:30 a.m. and as watchman he was *Page 251 
obliged to register hourly on the watchman's clock at six stations within the employer's plant. In November, 1938, he notified his employer that he was working too many hours and wanted to quit. He was then told that he could sleep at the plant from 11 p.m. until 5 a.m. and go off duty at 8 a.m. instead of 7:30 a.m. His work remained the same except that he was no longer required to register hourly between 11 p.m. and 5 a.m. Although he lived about a block away, he was not permitted to leave at any time between 5:30 p.m. and 8 a.m. and he was not furnished with any key to the plant. He testified that his sleep between 11 p.m. and 5 a.m. was seriously disturbed by interruptions from representatives of the ADT burglar alarm system; that these interruptions occurred "two or three times a week; sometimes twice a night, sometimes three times a night"; and that they lasted from twenty minutes to two hours. Although he was paid for the periods when his sleep was interrupted, he received no other compensation for the period from 11 p.m. to 5 a.m.
At the trial the employer conceded that the plaintiff was entitled to the protection of the Fair Labor Standards Act (29U.S.C.A. § 207) but contended that the plaintiff's "sleeping time" between 11 p.m. and 5 a.m., apart from the interruptions, which the employer asserts were only occasional and were fully paid for, did not constitute working time within the contemplation of the Act and that consequently it was properly excluded in determining plaintiff's compensation. On the other hand, the plaintiff contended that the sleeping time should have been included in its entirety within his working hours and that on that basis he was entitled to an aggregate additional sum of $3,835.69 for overtime wages. At the close of all the testimony the trial court directed a verdict for the defendant stating that the plaintiff's claim was "for all of the six hours including that portion of it during which he slept. With the proof in that posture I certainly cannot leave it to the jury to determine how much of the six hours he slept and how much he was awake."
The Fair Labor Standards Act provides that an employee engaged in commerce or in the production of goods for commerce *Page 252 
shall receive compensation for his employment above a forty hour workweek at a rate of not less than time and one-half. Although it contains no definition as to what is working time within its contemplation, the subject has received consideration by the Administrator of the Wage and Hour Division and by the federal courts. See Armour Co. v. Wantok, 323 U.S. 126 (1944);Skidmore v. Swift, 323 U.S. 134 (1944). In an Interpretative Bulletin the Administrator pointed out that there was no fixed rule to determine whether periods of inactivity by employees at the employer's premises are to be considered as working time and that the "answer will generally depend upon the degree to which the employee is free to engage in personal activities during periods of idleness when he is subject to call and the number of consecutive hours that the employee is subject to call without being required to perform active work." In theSkidmore case Mr. Justice Jackson likewise declined to "lay down a legal formula" stating that "whether in a concrete case such time falls within or without the Act is a question of fact". He did, however, indicate general approval of the flexible treatment and guiding principles announced by the Administrator.
In Rokey v. Day and Zimmermann, 157 F.2d 734, 737(C.C.A. 8th 1946) cert. den. 330 U.S. 842, 331 U.S. 864
(1947) it appeared that the plaintiff had eight hours sleeping time with infrequent interruptions. The court, after pointing out that the plaintiff "was getting sleep in the same manner as if he were normally getting sleep at home or in a hotel", ruled that his sleeping hours were properly excluded from the calculation of his working hours. See also Bell v. Porter,159 F.2d 117 (C.C.A. 7th 1946) cert. den.330 U.S. 813 (1947); Bowers v. Remington Rand, 159 F.2d 114(C.C.A. 7th 1946) cert. den. 330 U.S. 843, 331 U.S. 864
(1947). On the other hand, in Conwell v. Central MissouriTelephone Company, 74 F. Supp. 542, 76 F. Supp. 398 (D.Mo. 1948) the court included sleeping time as part of working time where it appeared that the employees did not have "long, undisturbed sleeping periods" comparable to their sleeping arrangements at home. *Page 253 
Since we are dealing with the meaning and proper application of an Act of Congress the federal authorities are binding upon us. They require that the issue here disputed between the parties be determined as a question of fact resting on an application of the general principles hereinbefore expressed to the conflicting testimony introduced at the trial. While this testimony was not as complete as it might have been the plaintiff's evidence, including the justifiable inferences therefrom, was sufficient to raise a jury question. The jury might find that the arrangements between the employer and the employee afforded to the latter, under the particular circumstances presented, a reasonably normal night's sleep with only occasional interruptions for which he was paid, and in such event, the plaintiff's claim would fail. On the other hand the jury might find that the employee was not afforded a reasonably normal night's sleep and was interrupted frequently for his employer's benefit, and in such event the plaintiff's claim that all of the sleeping time constituted working time for purposes of wage computations within the Fair Labor Standards Act would prevail. If plaintiff thus prevails, the employer would, of course, receive credit for payments actually made for the periods of interruption. These payments are ascertainable from the employer's records and under such circumstances the employer may well be required to carry the burden of coming forward with evidence of their extent. See Anderson v. Mt. Clemens PotteryCo., 328 U.S. 680 (1946).
In view of the fact that respondent did not contend at the trial and is not now contending that the recent Portal-to-PortalAct (29 U.S.C.A. Sec. 251 et seq.) affords support for its position that plaintiff's claim was properly withdrawn from the jury, we have not considered whether it has any applicability.Cf. Conwell v. Central Missouri Telephone Company, supra.
The judgment is reversed and a venire de novo is granted. *Page 254